## COFFEE v. TEVIS et als.

Where one of two defendants in a joint judgment pays it, but not with the intention of discharging it, he is entitled to use the judgment for his protection and indemnity, and may enforce it against his codefendant for his legal proportion of the debt.

Plaintiff sues to enjoin the enforcement of a judgment recovered by defendant T. against plaintiff G.; and avers that G. paid T. the amount of the judgment and procured an assignment of it to defendant V., who seeks to enforce it against plaintiff: *Held*, that on the trial, plaintiff could not be permitted to show that G. paid the judgment with the joint funds of himself and plaintiff, because the complaint avers the payment to have been made by G.

APPEAL from the Fourth District.

The substance of the complaint is, that on the thirty-first of July, 1858, Lloyd Tevis recovered, in the Fourth District Court, of San Francisco, a judgment for $10,022.80, with interest at three and one-half per cent. per month, from the sixteenth of July, 1858, with costs, etc., against the plaintiff Coffee and the defendant Greene; that the judgment was paid off and satisfied by Greene, but that the defendants contrived to give it the appearance of being unpaid, and caused a colorable, fictitious and fraudulent assignment to be made from Tevis to defendant Vassault; that Vassault has caused an execution to be issued on the judgment, and placed in the hands of the Sheriff of Alameda county, and that the Sheriff has levied the same on the property of Coffee, and is about to sell it.

The prayer is for an injunction, and that Tevis and Vassault be compelled to acknowledge satisfaction of the judgment, and for general relief. An injunction was issued in accordance with the prayer of the complaint.

Greene answered, substantially denying all the allegations of the complaint, except the recovery of the judgment, and setting up, that the "said judgment was rendered on a note given to said Tevis, for money borrowed by said plaintiff Coffee of said Tevis, which money was, as this defendant is informed and believes, applied by said Coffee to his own separate and private uses, and that said Coffee ought in equity to pay and satisfy said judgment, without claim upon or contribution from this defendant."

Vassault's answer denies that the judgment had been satisfied

and paid off; further denies all fraud, and contains an averment, "that he is informed and believes that the debt upon which said judgment was rendered was the proper and individual debt of the said Coffee, and was for funds by him borrowed for and applied to his own uses, and that the judgment should be rightfully paid off by said Coffee."

The case was first tried before the Court, and subsequently issues were sent to a jury as follows:

"Did Vassault use defendant Greene's funds and property in the payments he made to Tevis, on his claim and judgment against Greene and Coffee?"

To this the jury answered: "Yes."

"Did Vassault act as Greene's agent, or in his own behalf, in making payments on, and procuring an asignment of, the judgment of *Tevis* v. *Coffee and Greene?*"

To this the jury responded: "He acted as Greene's agent."

The defendants moved for a new trial of the issues, which was denied.

A decree was entered, substantially in accordance with the prayer of the complaint, the bill being dismissed as to Tevis.

A new trial was moved for on the whole case, and denied.

The defendants Greene and Vassault appealed.

The point upon which this Court turned the case renders any further statement of facts unnecessary.

*Hoge & Wilson*, for Appellants.

The complaint does not state facts sufficient to constitute a cause of action, and to justify equitable relief.

The strongest view of the case would be, to regard Vassault as occupying the place of a trustee or agent for Greene, or as in the shoes of Greene himself; and in that view we discuss this point.

The complaint, then, presents this simple proposition: Can one of the two joint judgment debtors enjoin the collection of the judgment, on the ground that the other has paid it, and is now undertaking to have the whole collected from his creditor for his own use?

The judgment is joint, equally obligatory on Greene and Coffee. Greene pays it all, and then seeks to collect it all out of Coffee.

Coffee asks a Court of equity to keep the whole burden on Greene, though half of it is his just share, by his own confession in the complaint.

" He who seeks equity, must do equity."    Here Coffee, finding himself remediless in a Court of law, resorts to chancery, and yet overlooks this important fact, that a plaintiff must come into equity with a just cause, and must freely offer to do equity himself. (Story Eq. Juris. sec. 59, 79, 78.)

While it would be unjust for Greene to collect all the judgment out of Coffee, it is equally unjust in Coffee to let the whole burden rest on Greene.    The only injustice towards Coffee is that the whole is sought to be collected from him.    But he must not seek to impose on Greene what he complains of himself.    He must offer to pay his half to Greene.    It is only on such terms that the Court can relieve him.    But in the complaint he makes no offer to pay, avers no past offer, and seems entirely to ignore this plain elementary maxim.    (2 Comyn's Dig. 594. 1st Am. from 5th London Ed. ; Tit. Chancery-Equity, 3, F. 3 ; 1 Story's Eq. Juris, sec. 60.) Equality is equity ; or, as it is sometimes expressed, equity delighteth in equality.

This point was taken in the Court below, and is relied on now. The Court below therefore erred in admitting any evidence under the complaint.

On this point it is unnecessary to examine the evidence, because in such a case as this a party cannot go into facts to show a countervailing equity, relieving him from the plain equitable obligation arising on the face of his own pleadings.

The proofs must be of the case stated in the pleadings.    A good case in evidence, and not in the pleadings, avails nothing. (*Benedict* v. *Bray*, 2 Cal. 256 ; *Sampson* v. *Shaeffer*, 3 Id. 205 ; *Kilsey* v. *Western*, 2 Comst. 501 ; *Green* v. *Covillaud*, 10 Cal. 322, 331.)

On the face of the complaint, the action could not be maintained. The same weak points are carried into the final decree, which really and in terms finds the money applied to satisfy the judgment to have been Greene's separate money, and does not find the debt to have been Greene's separate debt.

*Nugent & Judah,* also for Appellants.

The several objections we advance to the complaint, are as follows.:

1. The Court, by entertaining a bill of this kind, and founding a decree upon it, would violate one of the cardinal principles of jurisprudence, viz : the discouragement of litigation ; for a decree, such as ·is prayed for, would drive the defendant to an action for contribution. It is presumable that if the plaintiff spreads before a court of · justice a state of facts, which clearly shows his unwillingness to pay an honest claim, he will continue to refuse, unless by coercion.

2. The complaint omits to allege : 1st, that any demand was ever made upon Vassault, the assignee, for a satisfaction of the judgment.    2d. The complaint omits to state that the money paid to Tevis for the judgment was in whole or in part the money of the plaintiff, or of the plaintiff and defendant Greene, or that they were partners.

3. The complaint does not aver an offer or tender to either Greene or Vassault of the proportion of the judgment owing by the plaintiff; nor the existence of any accounts or transactions between plaintiff and Greene, whereby Greene was or would become his debtor.

4. The complaint does not allege that any application was made, under the provisions of section two hundred and eight of the Practice Act, to have satisfaction entered.

5. The complaint does not show that any attempt was made to use the judgment for any other purpose than to sell real property. The complaint alleges that the judgment was. paid, discharged and satisfied.

It has been repeatedly held that an execution issued upon a judgment which has been satisfied, (not of record) is absolutely void, so that a purchaser under it acquires no title.   (*Swan* v. *Saddlemore,* 8 Wend. 681 ; *Woodcock* v. *Bennett,* 1 Cow. 711 ; 1 John. C. 154 ; 15 Id. 443 ; 16 Id. 571 ; 18 Id. 441 ; 1 Cow. 622 ; 4 Wend. 474.)

Again, Greene had the right to take an assignment, even to himself.   (Wheeler's Estate, 1st Md. Ch'cy, Dec. 80.)

The complaint therefore shows that the plaintiff in this case ought to contribute his proportion of the amount paid.

The Court below having sustained the bill, proceeded to try the case, and admitted evidence going to show that there was *quoad* the fund used to purchase the judgment, a copartnership between the plaintiff and Greene. The admission of this evidence was clearly wrong, under the allegations of the bill.

*Thornton, Williams & Thornton*, for Defendant.

The evidence is sufficient to justify the verdict of the jury and the decree of the Court.

The evidence clearly establishes a fraudulent combination between Greene and Vassault. It satisfied the Court and jury below that such was the case, as is evident from the opinion of the Court and the verdict of the jury. A perusal of the evidence will satisfy the Court that the conclusions drawn from it were correct. If this be true, then upon what ground can it be contended that the doctrine that a party " asking equity must do equity," can apply to the facts of this case ? The defendants are here detected and exposed in a projected fraud, and they cry out : "You must do equity, or you can have no relief. You owe one-half of the judgment, and a Court of equity cannot relieve you, unless you offer to pay that half." Counsel for appellants ask : " Can one of two joint judgment debtors enjoin the collection of the judgment, on the ground that the other has paid it and is now undertaking to have the whole collected from his codebtors for his own use ?"

The proposition admits that the judgment is paid. That, it would seem, should terminate all controversy on this point. For if it is paid, it cannot be operative and valid for any purpose. It is no longer a lien—it is neither ground of error or appeal ; and no execution can issue upon it. But it seems from the argument of counsel that it still remains valid, with all the attributes of a subsisting judgment, and one of the joint judgment debtors can use it, not for the purpose of collecting half, which the remedy allowed by law, viz : an action for contribution would give him, but to compel the whole judgment to be paid by the other judgment debtors. The device of merely writing a few lines in the form of an assignment

to a third person enables him to sue out execution on a satisfied judgment, and collect the whole amount it calls for, when not one cent is due on it.    This is an ingenious substitute for an action for contribution, and one unheard of in any system of jurisprudence, unwarranted by any sound legal principle, and unsustained by authority.

The position is that one joint judgment debtor can pay off a judgment, have it assigned to a third person, and use that third person for the purpose of making the whole amount of the judgment, by an unauthorized and illegal use of the process of the Court, out of his codebtors in the paid judgment.    The mere statement of such a proposition ensures its condemnation.

We add, that the interposition of a third person, not a party to the judgment of *Tevis* v. *Coffee and Greene,* made it necessary for us to seek relief in a Court of equity ; as between the parties to the judgment, the Court below might have determined the question of satisfaction *vel non,* on motion.    (Section 208 of Practice Act.)    But this could not be done as to Vassault.    He was no party to the judgment, and we were, therefore, compelled to resort to a Court of equity.

COPE J. delivered the opinion of the Court—FIELD C. J., concurring.

We think the judgment in this case was not authorized by the complaint.    The suit was brought to enjoin the enforcement of a judgment recovered by defendant Tevis against the plaintiff and the defendant Greene.    It is alleged that Greene paid to Tevis the amount of this judgment, and that he procured an assignment of it to the defendant Vassault, who is proceeding to enforce it against the plaintiff.    The Court below granted the relief asked.    According to the complaint, Vassault was the mere agent of Greene, and we shall treat the case as though the assignment had been made directly to the latter.    The question is whether the payment by Greene satisfied and discharged the judgment.    Such, evidently, was not the intention with which the payment was made.    What that intention was, is of course obvious, and we think effect must be given to it so far as it can be done without doing injustice to the

Coffee *v.* Tevis.

plaintiff.   It would be unjust to allow the judgment to be enforced for a greater sum than that legally chargeable to him as his proportion of the debt ; but to that extent no injustice can result from its enforcement, and we see no reason why it may not be used by Greene for his protection and indemnity.   The plaintiff and Greene were jointly liable upon the judgment, and of course, as between themselves, they were severally liable for their respective proportions of the amount necessary to discharge it.   Greene paid the whole of this amount, and we think he is entitled to be subrogated to the rights of Tevis to the extent of the amount paid by him for the benefit of the plaintiff.   We are not without authority in support of these views.   In *Scribner* v. *Hickok*, (4 John. Ch. R. 532) it was held that a defendant who had paid more than his proportion of a decree was entitled to stand in the place of the plaintiff, and to use the decree for his protection and indemnity, so far as it appeared that the other defendants ought to contribute.   The same doctrine was laid down in Wheeler's Estate (Md. Ch. D. 80). " Where the judgment stands open," said the Chancellor, " I cannot see why a codebtor, paying more than his due proportion, may not avail himself of the judgment for his indemnity."

The plaintiff attempted at the trial to show that the funds used in the payment of the judgment were the joint funds of himself and Greene, but as the complaint alleged that the payment was made by Greene, it was incompetent for the plaintiff to show anything to the contrary. The evidence upon this point was not only unauthorized by the pleadings, but so far as it tended to establish a joint payment by the plaintiff and Greene, was in direct conflict with the complaint.

The conclusion at which we have arrived is, we think, in accordance with the equity of the case as stated in the complaint, and we cannot look at the evidence for the purpose of determining whether the rights of the parties are in fact different.

Judgment reversed and cause remanded for further proceedings.

*Williams & Thornton* filed a petition for rehearing, in which they urged : 1st, that this Court had, in its opinion, violated an established rule not to disturb a verdict upon conflicting evidence, in this ; that while the Court below in its decree finds that the judg-

Coffee *v.* Tevis.

ment against Coffee & Greene was paid off and satisfied by Greene's payment, and intentionally so, yet this Court holds the contrary to be the fact—that there was no such intention. (*Ritter* v. *Stock*, 12 Cal. 402; *Knowles* v. *Joost*, 13 Id. 620.) 2d, that, conceding that this judgment had not been paid and satisfied, still the doctrine of "subrogation" has never been carried so far as in the opinion of this Court; that the case of Wheeler's Estate in 1st M. D. Ch. Dec., was not a case of "subrogation," and that the clause from that case, quoted in the opinion here, is mere *dictum*, not called for by the facts; and that the case of *Scribner* v. *Hickok* (4 John. Ch. 532) was a case of principal and surety, where the doctrine of "subrogation" applies; that in this case Greene was not a surety in the equity sense; that even though contribution is in all cases an equitable right, still it does not follow that "subrogation" exists wherever there is a right to contribution, citing 1 Smith's Lead. Cases in Equity, 102 *et seq.* and 106 *et seq.*; *Wayland* v. *Tucker*, 4 Grattan, 268; Notes to *Deering* v. *Winchelrea*, 1 Lead. Cases in Equity, 100 *et seq.*; and finally, that when the complaint avers that Greene paid the judgment, it may be construed to mean—if the facts so proved—that it was paid with funds under his control.

On this petition Cope J. delivered the opinion of the Court— Field C. J. concurring.

The petition for a rehearing must be denied. Our decision was based upon the insufficiency of the complaint, and we see no reason for changing our opinion upon that subject. We did not pass upon the evidence, and cannot undertake to do so now.

Petition denied.