[No. 19338.    Department Two.—July 26, 1894.]

EVAN WILLIAMS, RESPONDENT, v. A. H. NAFTZ-GER ET AL., APPELLANTS.

MORTGAGE—ASSUMPTION OF MORTGAGE DEBT BY GRANTEE OF MORTGAGOR—LIABILITY TO MORTGAGEE FOR DEFICIENCY.—An agreement by the grantee of a mortgagor to pay and discharge the mortgage debt upon the granted premises renders the grantee liable therefor to the mortgagee, and upon foreclosure of the mortgage judgment may be rendered against such grantee, as well as against the mortgagor, for any deficiency.

ID.—PRINCIPAL AND SURETY—RIGHTS OF CREDITOR.—By the assumption of a mortgage debt by the grantee, as between him and his grantor, the grantee becomes primarily liable as principal debtor, and the grantor becomes his surety, and the mortgagee, as creditor, is entitled to the benefit of the security or collateral obligation given by the grantee, as principal debtor, to the grantor, as surety, for the payment of the debt.

ID.—ACCEPTANCE OF DEED BY GRANTEE—CONFLICT OF EVIDENCE.—Where there is a conflict of evidence as to whether a deed assuming the payment of a mortgage was accepted by one of the grantees, the finding of the court is not open to review upon appeal.

ID.—RECONVEYANCE TO MORTGAGOR—NONDELIVERY—CONTINUANCE OF OBLIGATION TO DISCHARGE MORTGAGE DEBT.—Where a deed of recon-

veyance to the mortgagor by grantees who have assumed the mortgage debt was not delivered to, or accepted by, the mortgagor, the grantees are not released from their obligation to discharge the mortgage debt, and the mortgagee is entitled to avail himself of their obligation for the purpose of obtaining satisfaction of the debt created by the mortgagor.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Collier & Evans,* for Appellants.

*Curtis, Oster & Curtis,* for Respondent.

HARRISON, J.—The defendants King and La Baron executed a mortgage to the plaintiff in 1887, upon certain lands in the county of San Bernardino, to secure the payment of their note for two thousand dollars. In October, 1888, these defendants conveyed the mortgaged premises to their codefendants, Naftzger, Merrill, and Kanavel, subject to the lien of said mortgage; and the said grantees, as a part of the consideration for said conveyance, promised to pay said promissory note, and to secure the discharge and release of the mortgage. In July, 1891, each of these grantees signed and acknowledged a deed of conveyance, purporting to reconvey the premises to King and La Baron, subject to the said note and mortgage, and containing a clause by which King and La Baron assumed to pay and release the same. These instruments were placed in the hands of the defendant Naftzger, and he afterwards delivered them to the defendant La Baron, who caused them to be recorded in the office of the county recorder. Naftzger also paid to La Baron five hundred dollars to induce him to accept the deeds. The deeds were delivered by Naftzger to La Baron without the knowledge of King, nor did King ever accept the deeds, or in any way ratify their delivery to, or acceptance by, La Baron; nor did he agree to a reconveyance of the

mortgaged property, or to release his grantees from the liability they had assumed by virtue of the terms of the conveyance to them. As soon as he learned that the deeds had been delivered to La Baron he repudiated the transaction, and notified his grantees thereof. The plaintiff brings this action to foreclose his mortgage, and to recover judgment against each of the above defendants for any deficiency there may be after a sale of the mortgaged lands. King and La Baron made default, and at the trial upon the issues made by the answers of the other defendants the court found the above facts, and rendered judgment in favor of the plaintiff. The defendants Naftzger, Merrill, and Kanavel have appealed.

An agreement on the part of a grantee to pay and discharge a mortgage debt upon the granted premises for which his grantor is liable renders the grantee liable therefor to the mortgagee, and in an action for the foreclosure of the mortgage, if the mortgaged premises are insufficient to satisfy the mortgage debt, judgment may be rendered against him as well as against the mortgagor for the amount of such deficiency. This liability results from the familiar doctrine in equity that a creditor is entitled to the benefit of all securities or collateral obligations that his principal debtor may have given to the surety for the payment of the debt. By the conveyance of the mortgaged premises and the assumption of the mortgage debt by the grantee, the latter, as between him and his grantor, becomes primarily liable to the mortgagee, and his vendor becomes his surety. (*Halsey* v. *Reed*, 9 Paige, 452; *Crowell* v. *Currier*, 27 N. J. Eq. 154; *Crawford* v. *Edwards*, 33 Mich. 354; *Keller* v. *Ashford*, 133 U. S. 622; *Biddel* v. *Brizzolara*, 64 Cal. 354; Jones on Mortgages, secs. 741, 752.)

The appellants do not controvert this proposition, but urge in support of their appeal that the evidence was insufficient to justify the court in finding that King did not accept the deed. Upon this proposition, however, there was a sharp conflict in the evidence, and

the finding of the court is not here open to review. (See, also, *Cordts* v. *Hargrave,* 29 N. J. Eq. 446; *Stuart* v. *Hervey,* 36 Neb. 1.)　If the deed was never delivered to, or accepted by, King, the appellants were not released from their obligation to him to discharge the mortgage debt, and the plaintiff is entitled to avail himself of this obligation for the purpose of obtaining a satisfaction of the debt created by King.

The judgment and order are affirmed.

Garoutte, J., and McFarland, J., concurred.