[L. A. No. 254. Department Two.—March 31, 1898.]

HELEN L. ROBERTS et al., Respondents, v. CHARLES FITZ-ALLEN et al., Appellants.

FORECLOSURE OF MORTGAGE—STATUTE OF LIMITATIONS—ASSUMPTION OF MORTGAGE.—In this state, where the grantee of a mortgagor assumes the payment of the mortgage as part of the purchase price, he becomes, as to the mortgagor, the principal debtor, and the mortgagor becomes the surety, and the liability of the grantee in such case is the indebtedness secured to be paid by the mortgage which is to be enforced against him by foreclosure, and judgment for the deficiency; and the statute of limitations which runs against his obligation is that which attaches to the mortgage obligation, and not to the promise to pay the mortgage as a new and independent agreement.

ID.—LIABILITY NOT SECURED BY MORTGAGE—ATTORNEY'S FEE—DEFICIENCY JUDGMENT AGAINST GRANTEE.—The grantee, by assuming the mortgage assumed only such liability as was secured by the mortgage; and a mere provision in the note for an attorney's fee, which is not made a lien upon the land by the mortgage, cannot warrant the including of such attorney's fee in the deficiency judgment against the grantee.

APPEAL from a judgment of the Superior Court of San Diego County. George Puterbaugh, Judge.

The facts are stated in the opinion.

McDonald & McDonald, for Appellants.

D. M. Hammack, for Respondents.

CHIPMAN, C.—Action to foreclose a mortgage. Defendants demurred to the complaint on the ground that the action was barred by the statute of limitations. (Code Civ. Proc., secs. 336,

339, 343.) The demurrers were overruled, and defendants failing to answer, their default was duly entered and judgment passed for plaintiff, from which defendant Wells appeals on the judgment-roll alone.

It appears from the complaint that defendant Fitzallen executed his note and mortgage to one L. F. Davis, August 23, 1889; the note was made payable three years from date, "together with a counsel fee of fifty dollars due upon filing complaint on said note"; the note was indorsed by defendant Isham as guarantor. On April 14, 1890, Fitzallen, the mortgagor, sold the mortgaged premises to defendant Wells, who, "as part consideration and as a part of the purchase price of said real estate, assumed and undertook the payment of said mortgage"; that the said assumption was expressed in the body of the deed by said Fitzallen to said Wells in the following words: "The grantee assumes and agrees to pay a mortgage of date August 23, 1889, to one L. F. Davis, and recorded," etc., being the mortgage in suit. As part of the same transaction the said Fitzallen and Davis signed the following agreement:

"April 14, 1890.

"In consideration of five hundred dollars cash in hand and one hundred dollars value in stock of cattle to be furnished me by July 1st next, I hereby agree to transfer to Edwin A. Wells, by his assuming all mortgages thereon, my one hundred and sixty acres of land pre-empted by me and adjoining partially A. H. Isham's pre-emption and McCann's land.

"CHARLES FITZALLEN.

"Accepted: Edwin A. Wells."

The land referred to in this agreement was the mortgaged premises. Plaintiffs are holders of the note and mortgage by assignment from Davis. The complaint was filed July 29, 1895, and the amended complaint September 7, 1895. The court included in the judgment fifty dollars as attorney's fees, and directed a deficiency judgment against Davis.

1. Appellant claims that his liability accrued April 14, 1890, when he assumed and agreed to pay the mortgage as part of the purchase price of the property; that his obligation was a separate and distinct undertaking, disconnected from the original prom-

ise of Fitzallen, on which obligation of defendant Wells an action might have been brought, if commenced at any time within four years, but not thereafter; that if plaintiffs desired to avail themselves of this promise they should have proceeded to enforce it within the statutory time governing contracts in writing. Appellant cites *Schmucker v. Sibert*, 18 Kan. 104, 26 Am. Rep. 765, which apparently sustains his contention. But such is not the law in this state. The rule is thoroughly well established that where the grantee of the mortgagor assumes the payment of the mortgage as part of the purchase price, he becomes, as to the mortgagee, the principal debtor and the mortgagor the surety. (*Williams v. Naftzger*, 103 Cal. 438; *Hopkins v. Warner*, 109 Cal. 133.)

The liability of the grantee in such a case is the indebtedness secured to be paid by the mortgage. But it must be enforced by foreclosure; and a deficiency judgment may be entered against him only upon the security—the mortgaged premises—becoming exhausted. (Code Civ. Proc., sec. 736; *Biddel v. Brizzolara*, 64 Cal. 362; *De Costa v. Comfort*, 80 Cal. 507; *Thomson v. Bettens*, 94 Cal. 82; *Williams v. Naftzger*, 103 Cal. 438, and cases there cited; *Tulare County Bank v. Madden*, 109 Cal. 314. See, also, *McKean v. German etc. Sav. Bank*, 118 Cal. 334.) It necessarily results that the statute of limitations must run against the mortgage obligation, for that is the grantee's liability; and not against the promise to pay the mortgage as a new and independent agreement.

2. Appellant claims that it was error to include attorney's fees in the judgment. The court found that the attorney's fee mentioned in the note was not a lien on the real estate, presumably for the reason that the mortgage did not expressly provide for payment of attorney's fees. (*Clemens v. Luce*, 101 Cal. 432.) But the court found that defendant (appellant) Wells was liable for this fee, and directed a deficiency judgment, should there be any deficiency, to be entered against him which should include this attorney's fee, and it was included in the deficiency reported by the commissioner, as appears from the record. We think that appellant assumed only such liability as was secured by the mortgage, and, as the court found that the land was not security for the attorney's fee, it was error to include it in a deficiency judg-

ment. The case of *Tulare County Bank v. Madden, supra,* relied upon by respondent, we do not think was intended to hold that an assumption of the mortgage debt could be extended to include a liability not secured by the mortgage. The finding here expressly negatives any such liability and necessarily precludes us from sustaining the deficiency judgment as to such liability.

It is advised that the cause be remanded, with direction to the trial court to modify the judgment by striking therefrom the amount of the attorney's fees, so far as the judgment affects appellant, and that in all other respects the judgment be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with directions to the trial court to modify the judgment by striking therefrom the amount of the attorney's fees, so far as the judgment affects appellant, and that in all other respects the judgment is affirmed.

McFarland, J., Henshaw, J., Temple, J.