[L. A. No. 676. Department One.—July 31, 1900.]

H. H. DANIELS, Respondent, v. ALFRED K. JOHNSON et al., Appellants.

FORECLOSURE OF MORTGAGE — STATUTE OF LIMITATIONS — NEW PROMISE BEFORE BAR OF STATUTE — ASSUMPTION OF MORTGAGE BY VENDEE — ENFORCEMENT IN EQUITY.—The agreement of a vendee of a mortgagor, or of his successor in interest, to assume and pay the mortgage, operates as an agreement to pay the note secured thereby; and where such agreement is made before the note is barred by the statute of limitations, it operates as a new promise continuing the note, and removing it from the operation of the statute as against the promisor, which begins to run as against him only from the date of the promise. Such promise may be enforced in equity by the mortgagee in the action to foreclose the mortgage; and he may treat the vendee as a principal debtor, and take judgment for deficiency against him.

ID.—CONTINUATION OF DEBT AND LIEN — MERGER — RENEWAL — EXTENSION — INAPPLICABLE PROVISION OF CODE.—In such case, there is a mere continuation of the liability upon the note for a longer term, which carries with it a continuation of the lien of the mortgage. There is no merger of the debt in a new contract.

and no renewal or extension of the lien, nor any extinguishment thereof; but it is merely continued for the period during which the note, as continued, has to run. Section 2922 of the Civil Code is not applicable, where the statute of limitations has not fully run against the debt before the new promise is made.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. John L. Campbell, Judge.

The facts are stated in the opinion.

Otis & Gregg, for Appellants.

E. R. Annable, and Charles E. Truesdell, for Respondent.

CHIPMAN, C.—Foreclosure. On February 23, 1892, one Wilson made his promissory note to plaintiff, payable February 3, 1893, and to secure its payment he executed his mortgage, of even date with the note, to foreclose which this action was brought on June 9, 1897. Defendant Hammond made default, and plaintiff dismissed the action as to defendants Wilson, Howe, and Hogan. Plaintiff had judgment, and defendants Johnson and wife appeal from the judgment and the order denying their motion for a new trial. The only defense is the four year statute of limitations, section 337 of the Code of Civil Procedure. On its face the note was barred, but the complaint averred an express renewal of the note and mortgage and certain acknowledgments of the debt and new promises to pay.

It appeared from the evidence that Wilson, the mortgagor, conveyed the mortgaged premises by deed to defendant Howe on September 28, 1892, containing the following: "This deed is given subject, nevertheless, to one certain mortgage dated February 2, 1892, given by grantor herein to H. H. Daniels, for the sum of seven hundred and fifty dollars, and which said mortgage is of record in book 42 of mortgages, at page 351 thereof, said San Bernardino county records, and which said mortgage the grantee herein assumes and agrees to pay." On January 28, 1893, Howe conveyed the premises by deed to defendant Hogan, the deed containing a provision identical with that just quoted. On December 21, 1895, Hogan conveyed the prem-

ises by deed to defendant Alfred Johnson, the deed containing the provision: "Subject, however, to a certain mortgage of seven hundred and fifty dollars dated February 2, 1892, upon which has been paid fifty dollars; the party of the second part hereby assumes the payment of the above mortgage." Appellant contends that the above provisions found in the deeds do not constitute a promise of defendant Johnson to pay the note, but that they amount to nothing more than an agreement on his part to discharge the mortgage lien. It is also contended that a mortgage cannot be renewed or extended except as provided by section 2922 of the Civil Code. The effect of the condition in the deed was more than an agreement to discharge the lien; it was, in our opinion, an agreement to pay the note secured by the mortgage, for in no other way could the mortgage be paid. It was said in *Stuyvesant v. Western Mortgage etc. Co.*, 22 Colo. 28: "While the language of an agreement is that the plaintiff shall pay the mortgage, the real meaning of the covenant is that plaintiff shall pay the note which the mortgage secures, for the discharge of the note is the only way to pay the mortgage, the latter being only the incident, the note being the principal thing."

The effect of the deed from Wilson to Howe, executed as it was while the note was a subsisting obligation, or, in other words, before it was barred by the statute of limitations, was to waive so much of the period of limitations as had run in favor of Wilson, the mortgagor, and established a continuing contract and not a new contract. There was no merger of the old debt in the new, but merely a continuation of the original liability for a longer term. There was no renewal of the lien, and no occasion for its renewal; it was not extended, nor was it extinguished, but continued for the period during which the note, as continued, had to run (*Southern Pac. Co. v. Prosser*, 122 Cal. 413; *Roberts v. Fitzallen*, 120 Cal. 482); and this result differs, as is pointed out in the case just cited, from the result which would follow where the original obligation is renewed after the bar of the statute has occurred, which was the case of *Wells v. Harter*, 56 Cal. 342. The same may be said of the effect of the deed from Howe to Hogan of January 28, 1893, which was within four years from the maturity of the note.

And so, also, when Hogan conveyed to Johnson, December 21, 1895, more than four years had not elapsed from the maturity of the note.

As between the parties to the deed, *Southern Pac. Co. v. Prosser, supra,* is authority for holding that the mortgage lien was not barred, and the only question is whether the agreement of Johnson is available to the mortgagee. It was said in *Tulare County Bank v. Madden,* 109 Cal. 312: "It may be that there is no such privity of contract between the mortgagee and the grantee of the mortgagor resulting from the acceptance of the deed, nor any such promise for the benefit of the mortgagee as would sustain an action at law against him; . . . . yet, in equity the creditor is entitled to the benefit of all securities or collateral obligations that his debtor may have acquired for the payment of the debt, and the creditor may, in his action to foreclose the mortgage, treat the mortgagor's grantee, who has assumed payment of the debt, as a principal debtor, and hold him liable for any deficiency for which the mortgagor would be liable on his express promise." (Citing *Williams v. Naftzger,* 103 Cal. 438. See, also, *Hopkins v. Warner,* 109 Cal. 133; *Roberts v. Fitzallen, supra.*)

"A purchaser who assumes the mortgage becomes as to the mortgagor the principal debtor, and the mortgagor a surety; but the mortgagee may treat both as principal debtors, and may have a personal decree against both." (Jones on Mortgages, sec. 741.) We entertain no doubt of the right of the mortgagee to look to the grantee in a case such as the present one.

We do not question the proposition that when the debt is barred the remedy under our system is lost. It was so held at an early day by this court (*Lord v. Morris,* 18 Cal. 482), and many times since. But the very question here is, Was not the statute avoided as to the debt as well as to the mortgage by the agreement in the deed referred to? And this question, we think, must be answered in the affirmative.

It was alleged in the complaint, and found by the court to be true as to Hogan, that plaintiff did, at the special request of Howe and Hogan, by an instrument in writing subscribed by the plaintiff and by him delivered to Howe and Hogan, ex-

tend said note and mortgage for the period of one year from February 22, 1893, to wit, until February 2, 1894, and that defendant Johnson did, within four years before the commencement of the action, by an instrument in writing signed by him and delivered to plaintiff, promise to pay the said note and mortgage. Appellant objected to the evidence offered to prove a part of these allegations on the ground that it was secondary, the written evidence not having been sufficiently accounted for to entitle plaintiff to make the proof by parol. It is not necessary to examine these objections, nor whether the findings upon this branch of the case were justified by the evidence. The judgment finds support in the agreements found in the deeds, conceding that the findings as to the other agreements are unsupported. If it was error to admit the evidence in support of these findings, it was not prejudicial.

The judgment and order should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.