[Sac. No. 3643. In Bank.—August 17, 1925.]

## RICHARD CUNNINGHAM, Appellant, v. F. E. ROBINSON et al., Defendants; J. M. JONES, Respondent.

[1] Promissory Notes—Chattel Mortgage—Assignment of Property—Assumption of Note and Mortgage by Assignee—Personal Liability of Assignee to Holder of Note—Assignee Acting for Undisclosed Party.—An assignee of personal property covered by a chattel mortgage securing a promissory note who, at the time of the assignment and as a part of the consideration therefor, assumed in writing and promised and agreed to pay said promissory note, which was executed and delivered by the assignor, is personally liable to the holder of the note for any deficiency judgment after sale of the mortgaged property, notwithstanding that he (said assignee), at the time of said assignment and promise to pay said note, was secretly acting as the agent for an undisclosed party, the holder of the note being a creditor of the assignor at the time of the assignment and agreement to pay on the part of the assignee.

[2] Id.—Basis of Liability of Assignee to Assignor—Liability of Assignee to Creditor of Assignor.—The liability of the assignee to the assignor upon the transaction in question, whether or not it may be based 'in part upon estoppel, rests upon the fact that such assignee has contracted as a principal and thus made the contract his own, and his immediate creditor is entitled to hold him to that relation, or, if he would be advantaged thereby, to treat him not as a principal but as the agent of his undisclosed principal, and to hold the latter liable as such; and if such be the basis of the obligation of said assignee to said assignor, it is equally the basis of the obligation which said assignee has as-

---

1. See 3 Cal. Jur. 281; 5 Cal. Jur. 86; 5 R. C. L. 443.

sumed with relation to and for the benefit of the creditor of the assignor, and which the holder of the note seeks as such creditor to enforce as a contract made for the latter's benefit.

(1) 2 C. J., p. 818, n. 30.   (2) 2 C. J., p. 843, n. 89.

APPEAL from a judgment of the Superior Court of the County of Sacramento. Peter J. Shields, Judge. Reversed.

The facts are stated in the opinion of the court.

John R. Connelly for Appellant.

Elliott & Atkinson for Respondent.

RICHARDS, J.—This appeal is by the plaintiff upon the judgment-roll and is from that portion of the judgment which fails to adjudge and decree that the defendant and respondent herein, J. M. Jones, is personally liable to the plaintiff upon the obligation sued upon by him herein, and that in that respect the said judgment is not supported by but is, as a matter of law, inconsistent with the findings of fact. The facts of the case, as they appear from the findings, are briefly these: On January 31, 1921, the defendants F. E. Robinson and B. D. Huff, who were copartners, executed and delivered their individual promissory note to the plaintiff herein for the sum of four hundred dollars, payable on or before December 1, 1921, with interest and counsel fees, and at the time of the execution and delivery of said promissory note, and for the purpose of securing the payment thereof, also executed and delivered to the plaintiff their chattel mortgage upon certain personal property. Thereafter and on June 27, 1921, the defendant Huff, for a valuable consideration, assigned and transferred all of his right, title, and interest in the copartnership and also all of his right, title, and interest in and to the property covered by said mortgage to the defendant and respondent herein, J. M. Jones, who at the time of said assignment and transfer and as a part of the consideration therefor assumed in writing and promised and agreed to pay the obligation of said B. D. Huff created by the latter's aforesaid execution and delivery of said promissory note to the plaintiff herein. Thereafter, the said promissory note

196 Cal.—43

not having been paid, the plaintiff commenced this action for a recovery thereon, for the foreclosure of the mortgage given as security therefor, and for a deficiency judgment against the defendants Robinson, Huff, and Jones, in the event that the sale of the security should be insufficient to satisfy the judgment. The defendant Huff defaulted. The defendant Jones appeared and set up as a defense to said action that at the time of the assignment and transfer to him by said Huff of all of his interest in said copartnership and in the property covered by plaintiff's mortgage, and at the time of the assumption by said Jones of the obligations of said Huff and of his promise to pay the same, he, the said Jones, was secretly acting as the undisclosed agent for one W. C. Robinson, and that engaging in said transaction as a principal he did so for the use and benefit of said Robinson and solely as his agent, and that the secret relationship between himself and the said Robinson was unknown to anyone other than themselves. The trial court, in addition to its other findings, found this to be the fact, and thereupon in its conclusions of law, which were generally in favor of the plaintiff as between himself and the other defendants, found that as to the defendant Jones he was not personally liable to the plaintiff. In its judgment, which otherwise followed the findings in plaintiff's favor, the court directed that whatever deficiency judgment should exist after the sale of the mortgaged property and the application of the proceeds thereof *pro tanto* to the payment of the plaintiff's judgment, should be docketed against the defendants Robinson and Huff, but that as to the defendant Jones the court failed to direct the entry or docketing of any deficiency judgment against him. It is from the latter portion of said judgment that the plaintiff has prosecuted this appeal. [1] We are of the opinion that the trial court was in error in its conclusion of law based upon the foregoing findings of fact that the defendant Jones was not personally liable to the plaintiff for the amount of the obligation of Huff which he assumed and agreed to pay at the time of the transfer to him by said Huff of the latter's interest in the copartnership and in the property which secured said obligation; and was also in error in its judgment predicated upon such conclusion of law. In so far as the defendant Huff was concerned the averment of the respondent Jones

to the effect that in assuming the obligation of Huff to the plaintiff herein he was acting as the agent of an undisclosed principal would admittedly have constituted no defense in an action brought by Huff to enforce said obligation. Nor do we think it would be sufficient to constitute a defense to the action brought by this plaintiff to enforce the obligation against Jones, which, in the capacity of a principal on the face thereof, he entered into as between himself and Huff, but which inured to the benefit of the plaintiff by virtue of the fact that he was the creditor of Huff at the time. In the case of *Williams* v. *Naftzger,* 103 Cal. 439 [37 Pac. 411], it was held by this court that an agreement on the part of a grantee to pay and discharge a mortgage debt upon the granted premises for which his grantor is liable, renders the grantee liable therefor to the mortgagee, and in an action for the foreclosure of the mortgage, if the mortgaged premises are insufficient to satisfy the mortgage debt, judgment may be entered against the said grantee as well as against the mortgagor for the amount of such deficiency. "This liability" says the court, "results from the familiar doctrine in equity that a creditor is entitled to the benefit of all securities or collateral obligations that his principal debtor may have given to the surety for the payment of the debt. By the conveyance of the mortgaged premises and the assumption of the mortgage debt by the grantee, the latter, as between himself and the grantor becomes primarily liable to the mortgagee and his vendor becomes his surety." This conclusion is predicated upon section 2854 of the Civil Code, wherein the like language is found. The decision of this court in the above-cited case was approved by this court in the case of *Hopkins* v. *Warner,* 109 Cal. 133 [41 Pac. 868], and has not since in anywise been departed from or modified. We are cited by the respondent to no case which supports the doctrine that the said defense herein, which he could not have availed himself of in an action brought against him by Huff, can be made available to him in an action brought by the creditor of Huff to enforce the latter's direct obligation which the respondent, in the capacity of a principal, and for a full and valuable consideration, has assumed and agreed to pay. The argument which the respondent puts forth as the basis for such doctrine is that the liability which he as-

sumes with respect to Huff in the capacity of a principal, but in the actual though undisclosed relation of an agent for a concealed principal, arises through the application of the doctrine of estoppel which would forbid him to plead his agency as against Huff. [2] We are of the opinion, however, that the liability of Jones to Huff upon such a transaction, whether or not it may be based in part upon estoppel, rests upon the fact that he has contracted as a principal and thus made the contract his own, and that his immediate creditor is entitled to hold him to that relation, or, if he would be advantaged thereby, to treat him not as a principal but as the agent of his undisclosed principal, and to hold the latter liable as such. (1 Cal. Jur. 819–822, 860.) If such be the basis of the obligation of Jones to Huff, it is equally the basis of the obligation which, under the authorities above cited, Jones has assumed with relation to and for the benefit of the creditor of Huff, and which the plaintiff in this action seeks as such creditor to enforce as a contract made for the latter's benefit. It follows that the trial court was in error in finding in its conclusion of law that the defendant Jones was not personally liable to the plaintiff in this action, and was also in error in its judgment based thereon, wherein it failed to provide for a deficiency judgment against Jones for the enforcement of such personal liability.

The judgment is reversed, with instructions to the lower court to so modify its conclusions of law and its judgment based thereon as to declare and decree the personal liability of the respondent Jones to the plaintiff upon his assumed obligation, and to provide for a deficiency judgment against said respondent in the event that the mortgaged property shall upon sale thereof be found insufficient to satisfy said obligation.

Shenk, J., Lennon, J., Lawlor, J., Houser, J., *pro tem.*, Myers, C. J., and Seawell, J., concurred.