[Civ. No. 6006. Second Appellate District, Division Two.—June 16, 1930.]

PERRY T. TOMPKINS, Respondent, v. JOHN R. POWERS, Appellant.

Catherine A. McKenna and J. Irving McKenna for Appellant.

Russ Avery and Samuel H. French for Respondent.

GATES, J., *pro tem.*—This action was commenced by the respondent to renew a judgment for a deficiency on a foreclosure action against appellant, the sole defendant. Judgment was rendered in favor of respondent in the sum of $1520.28, interest and costs. The undisputed facts are substantially as follows: On April 16, 1913, Russ Avery made his certain promissory note for the sum of $16,000, due five years after date, and on the same day executed a mortgage to secure the indebtedness on lands described in the foreclosure action to one Margaret A. Balcom, payee in the note. On June 11, 1918, Avery conveyed the mortgaged land to John R. Powers, appellant herein, by deed. Powers assumed and agreed to pay the mortgage indebtedness. On June 27, 1922, Mrs. Balcom commenced an action against Avery and Powers to foreclose the mortgage, which had become due. A judgment by default against Powers and Avery was had for the full sum of the note and interest then due. Later the property was sold and a deficiency judgment entered against Avery and Powers. Thereafter personal property of Powers was levied upon and sold, and the deficiency judgment satisfied to the extent of $374.75. Some time in 1922 Avery paid to the judgment creditor a sum equal to the amount of the deficiency judgment, and thereupon Mrs. Balcom, judgment creditor, at Avery's request, assigned the judgment to the Security Trust & Savings Bank, a corporation. Mrs. Balcom at the time of the assignment personally executed a release of the judgment as against Avery only. Later the bank made an assignment of the judgment of respondent, who commenced suit in the superior court to renew the judgment against Powers.

Appellant's first contention is that as between Avery and Powers, Avery was still the principal debtor and Powers was surety, and the satisfaction of the judgment discharged the whole debt. ▮ Appellant's theory is untenable for the reason that it is well settled that where a grantee of a mortgagor takes real property subject to a

mortgage and agrees to pay such indebtedness, he becomes in law the principal debtor of the mortgagee and the mortgagor his surety. (*Beach* v. *Waite,* 21 Cal. App. 304, 306 [131 Pac. 880; *Roberts* v. *Fitzallen,* 120 Cal. 482, 484 [52 Pac. 818]; *Kreling* v. *Kreling,* 118 Cal. 413, 419 [50 Pac. 546]; *Hopkins* v. *Warner,* 109 Cal. 133, 136 [41 Pac. 868]; *Tulare Co. Bank* v. *Madden,* 109 Cal. 312 [41 Pac. 1092]; *Braun* v. *Crew,* 183 Cal. 728 [192 Pac. 531]; *Daniels* v. *Johnson,* 129 Cal. 415 [79 Am. St. Rep. 123, 61 Pac. 1107]; *Tuohy* v. *Woods,* 122 Cal. 665 [55 Pac. 683]; *Alvord* v. *Spring Valley Gold Co.,* 106 Cal. 547 [40 Pac. 27]; *Williams* v. *Naftzger,* 103 Cal. 438 [37 Pac. 411]; *Robson* v. *O'Toole,* 45 Cal. App. 63 [187 Pac. 110]; *Graham* v. *Durnbaugh,* 44 Cal. App. 482 [186 Pac. 798]; *Fielding* v. *Iler,* 39 Cal. App. 559 [179 Pac. 519]; *Shuey* v. *Mulcrevy,* 34 Cal. App. 218 [166 Pac. 1019]; *Davis* v. *Davis,* 19 Cal. App. 797 [127 Pac. 1051].) When appellant Powers became Avery's grantee and assumed the mortgage indebtedness as between the parties, he became in contemplation of law the primary or principal debtor of the mortgagee, Mrs. Balcom, and Avery then assumed the relation of surety. The rule is tersely stated in 18 California Jurisprudence, 57, as follows: ''The grantee becomes a principal. and controlling party to the obligation, but both are personally liable for the debt, and the mortgagee may treat both as principal debtors and may have a personal decree against both.'' The doctrines concerning suretyship must control the dealings between them. (*Herd* v. *Tuohy,* 133 Cal. 55 [65 Pac. 139]; *Tuohy* v. *Woods, supra.*)

Appellant's next point is that when Avery took an assignment of the judgment to a third person and procured a satisfaction of the judgment, which was specifically restricted to himself alone, the judgment became completely satisfied as to parties, and Powers' liability thereunder immediately ceased. In support of his contention appellant cites *In re Baby,* 87 Cal. 200 [22 Am. St. Rep. 239, 25 Pac. 405], and *Reynolds* v. *Lincoln,* 71 Cal. 183 [9 Pac. 176, 12 Pac. 449]. These cases do not sustain his theory for the reason that in each of them the court was dealing with situations different from the one in the instant case. It is well settled in California, as in many other states, that one of two joint judgment debtors may pay the judgment and

have it assigned to a third person in order to keep it in full force against the other. The Supreme Court, in *Williams* v. *Riehl*, 127 Cal. 365 [78 Am. St. Rep. 60, 59 Pac. 762], stated the rule as follows: "The payment of the judgment by respondents to plaintiff did not amount to a satisfaction of the same as against their cosureties or the principal. The rule is, that the mere payment of a judgment by one joint debtor does not operate as an accord and satisfaction of the judgment as to other joint judgment debtors, unless it plainly appears that the payment was intended to have such effect. (Brandt on Suretyship and Guaranty, sec. 275; *Brown* v. *White*, 29 N. J. L. 514 [80 Am. Dec. 226]; *Coffee* v. *Tevis*, 17 Cal. 239; Freeman on Executions, sec. 444.)" This rule is recognized in *LaFleur* v. *M. A. Burns Lumber Co.*, 188 Cal. 321 [205 Pac. 102]; *Coffee* v. *Tevis, supra; Adams* v. *White Bus Line*, 184 Cal. 710 [195 Pac. 389] (a case wherein the court held that since the defendants were joint tort-feasors the payment by one defendant was not full satisfaction); *National Bank of California* v. *Los Angeles Iron & Steel Co.*, 2 Cal. App. 659 [84 Pac. 466, 468]. The rule enunciated in the last-mentioned case is likewise recognized in other states. (34 C. J., 691, note 73, and cases there cited.) In 34 C. J., *supra*, the principle relating to sureties is correctly stated as follows: "The surety may seek subrogation in equity unless he is a surety for a joint tort-feasor; and in a majority of the states where the surety, on paying the judgment, takes an assignment thereof either to himself or to a third person, he may enforce the judgment against his principal." (See *Neal* v. *Nash*, 23 Ohio St. 483.) It was Avery's intention to have the judgment assigned in order that he might be protected in his payment of the judgment. He adequately accomplished this purpose.

▋ Appellant's third contention, that respondent has mistaken his remedy, is without merit. He insists that respondent should have proceeded under section 709 of the Code of Civil Procedure. This point is disposed of by our Supreme Court in *Williams* v. *Riehl, supra,* page 369, in the following language: "The legislature evidently did not have in mind a case where the parties paying the judgment procured a written assignment of it. The plaintiff, being the owner of the judgment, had the right to assign

it to anyone upon payment of the amount authorized by the order of the court in which the estate was pending. The fact that the parties paying it were some of the judgment debtors would not prevent them from taking an assignment of it. The section (709, Code Civ. Proc.) is substantially the same and in almost the exact words of section 480 of the Civil Code of Kansas. The Supreme Court of that state, in *Harris* v. *Frank*, 29 Kan. 203, has placed a similar construction upon section 480 of its code. In the opinion it is said: 'Besides, said section 480 of the Civil Code was not enacted for the purpose of giving assignees of judgments a remedy as assignees. They have a remedy independent of such section, and could enforce their judgment if such section had never been enacted. Said section was really enacted for the benefit of sureties, and for the benefit of joint judgment debtors, without reference to whether any assignment had been made or not.' . . . The payment of the judgment by respondents to plaintiff did not amount to a satisfaction of the same as against their cosureties or the principal.'' The rule as to respondent's remedy, which rule was announced in *Williams* v. *Riehl, supra,* was recognized by the Supreme Court in *LaFleur* v. *M. A. Burns Lumber. Co., supra.* Avery had two methods of procedure to follow: the remedy under section 709 of the Code of Civil Procedure, or the one which he in fact followed. Either would have been adequate. The remedy given by section 709 is not exclusive.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.