[Civ. No. 6052. Second Appellate District, Division Two.—July 29, 1930.]

SUN REALTY COMPANY (a Corporation), Respondent, v. CHARLES ROSENSTEIN et al., Defendants and Respondents; L. F. THURSTON et al., Appellants.

Light & Lane for Appellants.

Nat. A: Rosenstein for Respondents.

GATES, J., *pro tem.*—On or about January 27, 1926, the respondent Sun Realty Company obtained judgment against the respondents Charles Rosenstein, James J. Wade and Catherine Wade and appellants for the sum of $1172.46, interest and costs. The judgment, which was joint and several, was obtained in a suit wherein the respondent corporation sued respondents Rosenstein and Wade, joining appellants, who were subtenants. On July 30, 1926, respondent Sun Realty Company assigned the judgment to Rose Rosenstein. On the same day, for a valuable consideration, the latter released defendant and respondent Charles Rosenstein from any and all liability. A marginal note was made by the clerk that the judgment was satisfied as to the respondent Charles Rosenstein. On the same day a partial release of certain realty from the judgment was indorsed on the margin of the judgment. On November 10, 1926, Rose Rosenstein assigned the judgment to Samuel Ginsberg. On December 11, 1926, the latter in

turn assigned the judgment to respondent Charles Rosenstein and respondent Catherine Wade. These assignments and each of them recite that they are for a valuable consideration. On January 10, 1927, respondents Rosenstein and Catherine Wade executed an instrument releasing the real property of respondent James J. Wade. On November 3, 1927, appellants gave notice of motion for an order directing the clerk of court to enter of record a full satisfaction and discharge of the judgment on the ground that full payment was made and full release and discharge granted to Charles Rosenstein, one of the joint and several debtors in the judgment. This motion was based upon the records and files of the action. The motion was presented and by the court denied. This appeal is prosecuted from the order of the court denying appellants' motion.

Appellants first claim is that they are guarantors of the terms of the original lease, although both they and respondents Rosenstein and James J. Wade were, by the court, held jointly liable in the judgment. A satisfaction of the judgment, therefore, against one of the judgment debtors would *ipso facto* operate as a discharge of all of them. It will be noted that the judgment is against the parties and each of them for a certain sum of money. Also, it is alleged in the complaint, which allegation we must assume was found by the trial court to be true, that appellants for a valuable consideration assumed each and every of the obligations of the lease to be performed by the lessees, Rosenstein and James J. Wade, thereunder. We may therefore safely assume that the lease was assigned to appellants, who thereby became bound thereunder. Appellants, assignees of respondents Rosenstein and James A. Wade, by their express stipulation became bound by the covenants of the lease. In other words, there was created by their act a privity of contract between themselves and their landlord, respondent Sun Realty Company. (*Realty & Rebuilding Co.* v. *Rea,* 184 Cal. 565 [194 Pac. 1024]; *Lopizich* v. *Salter,* 45 Cal. App. 446 [187 Pac. 1075]; *Jordan* v. *Scott,* 38 Cal. App. 739 [177 Pac. 504].) The privity of estate thus created between the parties continued until the term of the lease, unless terminated in some legal manner. (*Samuels* v. *Ottinger,* 169 Cal. 209 [Ann. Cas. 1916E,

830, 146 Pac. 638].) The effect of the assignment from respondents Rosenstein and James J. Wade to appellants was to make them, Rosenstein and Wade, the assignors, sureties to the lessor, respondent Sun Realty Company, for the assignees, appellants, who, as between themselves and the lessor, are the principals, bound while they are assignees to pay the rent and perform the covenants. (*Samuels* v. *Ottinger, supra; Schehr* v. *Berkey,* 166 Cal. 157 [135 Pac. 41]; *Brosnan* v. *Kramer,* 135 Cal. 36 [66 Pac. 979]; *Cross* v. *Thiele,* 51 Cal. App. 780 [197 Pac. 974]; *Winter* v. *Knapp,* 90 Cal. App. 75 [265 Pac. 527].) The legal relation here created is analogous to that of a grantee of a mortgagor who takes real property subject to a mortgage and agrees to pay such indebtedness. He becomes in law the principal debtor of the mortgagee and the mortgagor becomes his surety. (*Tompkins* v. *Powers,* 106 Cal. App. 464 [289 Pac. 685], and cases therein cited.)

Appellants' next point is that the satisfaction of the judgment by Rose Rosenstein had the legal effect of satisfying the judgment against appellants. This theory is untenable for the reason that it is well settled that one of two joint judgment debtors may pay the judgment and have it assigned to a third person in order to keep it in full force as against the other. (*Williams* v. *Riehl,* 127 Cal. 365 [78 Am. St. Rep. 60, 59 Pac. 762]; *La Fleur* v. *M. A. Burns Lumber Co.,* 188 Cal. 321 [205 Pac. 102]; *Coffee* v. *Tevis,* 17 Cal. 239; *Tompkins* v. *Powers, supra.*) In *Williams* v. *Riehl, supra,* our Supreme Court stated the rule as follows: "The payment of the judgment by respondents to plaintiff did not amount to a satisfaction of the same as against their co-sureties or the principal. The rule is, that the mere payment of a judgment by one joint debtor does not operate as an accord and satisfaction of the judgment as to other joint judgment debtors, unless it plainly appears that the payment was intended to have such effect. (Brandt on Suretyship and Guaranty, sec. 275; *Brown* v. *White,* 29 N. J. L. 514 [80 Am. Dec. 226]; *Coffee* v. *Tevis,* 17 Cal. 239; Freeman on Executions, sec. 444.)" There is nothing before us to indicate that there was any intention by any of the parties in any of the assignments or in any of the satisfactions of judgments as to parties other than these appellants to release the appellants

or to satisfy any judgment against them. We therefore conclude that the satisfaction of the judgment as against the other parties did not have the effect of satisfying the judgment as against appellants.

Appellants' further contention that respondents Rosenstein and Wade should have availed themselves of section 709 of the Code of Civil Procedure cannot be sustained, as the remedy given by that section is not exclusive. (*Tompkins* v. *Powers, supra.*)

Order affirmed.

Works, P. J., and Craig, J., concurred.