[Civ. No. 9868.   Second Appellate District, Division One.—January 10, 1936.]

EDWARD SMALL, Appellant, v. CHARLES R. ROGERS PRODUCTIONS, INC. (a Corporation), et al., Defendants; CHARLES R. ROGERS, Respondent.

Zagon & Aaron and Harold E. Aaron for Appellant.

Carpenter, Babson & Fendler, Ingle Carpenter and Harold A. Fendler for Respondent.

SHINN, J., *pro tem.*—This is an action for damages based upon the alleged breach of an agreement to pay a debt secured by a trust deed of real property. The demurrer of defendant Charles R. Rogers to the amended complaint, upon general and special grounds, was sustained without leave to amend. From the resulting judgment in favor of said defendant, plaintiff appeals.

Charles R. Rogers Productions, Inc., a corporation, herein referred to as the "corporation", agreed to purchase certain real property from Majestic Realty Corporation, herein referred to as "Majestic", for the sum of $120,000, payable $15,000, in cash, upon the execution of the contract, $30,000 in stated instalments, and the balance by the assumption of a debt of Majestic in the amount of $75,000, secured by trust deed of the property. Defendant Charles R. Rogers, by the terms of the agreement of purchase, assumed certain obligations which give rise to the plaintiff's claim to damages. The provisions of the contract here involved read as follows: "The corporation and Rogers jointly and severally agree that they will and they do hereby assume the payment of the present outstanding and existing encumbrance on said prop-

erty, which is a mortgage in the amount of $75,000, together with all interest due thereon from April 20, 1931, which is a first lien on said real property, which said mortgage secures a note held by and/or payable to the LaBrea Securities Company of Los Angeles, California, and they do hereby agree to indemnify and save free and harmless of all liability, loss and/or damage the Majestic and the present stockholders in connection with the said note and/or mortgage securing same, and the said corporation and Rogers do hereby jointly and severally agree that they will and they do hereby assume the payment of all taxes and/or assessments levied upon the said real property from April 20, 1931.'' By the terms of the agreement, Majestic had the option, upon default of the purchaser, to declare all unpaid sums immediately due and payable or to terminate the contract and retain the sums paid thereon as liquidated damages. Default was made and the seller elected to declare due the unpaid balance of the purchase price, amounting to the sum of $26,250, no part of which has been paid to plaintiff. This debt is alleged to be uncollectible, because of the insolvency of the corporation. No part of the trust deed indebtedness was paid save the sum of $7,000. The trust deed was foreclosed, the property was sold for the full amount of the indebtedness remaining unpaid, and the security of the seller, consisting of a vendor's lien for the unpaid balance of the purchase price, was thereby lost. This action is brought upon the theory that had the corporation and Rogers paid the trust deed indebtedness, the seller would have held a vendor's lien upon the property, otherwise free of encumbrance, as security for the balance of the purchase price. The value of the real property is alleged to exceed this unpaid balance and therefore it is alleged that Majestic has been damaged in the sum of $26,250 and interest. Plaintiff Small is the owner of one-third of the capital stock of Majestic. By the terms of the contract, the progress payments were to be made directly to the stockholders, plaintiff being entitled to one-third thereof. For the purposes of this decision only it will be assumed that plaintiff has authority to maintain this action for the recovery of any damages he may have sustained by reason of the facts alleged.

We shall discuss the questions raised by the general demurrer of the defendant Rogers. In order to sustain the

194

claims of plaintiff the agreement, so far as defendant Rogers is concerned, would have to be construed as something more than an agreement to indemnify Majestic against liability on account of the trust deed indebtedness. If the agreement is one of indemnity merely, all liability was discharged when the property was purchased at the trustee's sale, the debt being thereby extinguished. It is not questioned by defendant Rogers that his assumption of the debt secured by the trust deed and his agreement to hold Majestic harmless therefrom bound him to pay the amount of any deficiency which might remain upon a sale of the property under a foreclosure of the trust deed, but he maintains that he assumed no greater obligation than this. Under the plaintiff's construction of the contract, defendant is sought to be held to a liability for plaintiff's alleged loss, by reason of the foreclosure, of the security which it otherwise would have had for the unpaid balance of the purchase price, thus imposing upon the defendant the obligation not only to pay any deficiency remaining after a foreclosure, but in addition thereto, any balance of the purchase price which the purchaser failed to pay. Upon a construction of the entire contract we are unable to give it this broad effect.

■ The liability of one who assumes and agrees to pay an existing mortgage or trust deed encumbrance, and to hold the maker thereof harmless therefrom, as a part of the consideration paid upon the purchase of real property, has been frequently declared by the courts. The law is well settled that such a contract renders the obligor liable, as principal, to the holder of the encumbrance, and as between himself and the mortgagor invests the latter with the right to reimbursement in case he is obliged to pay all or part of the mortgage debt. Consequently, the obligation assumed is to pay to the mortgagee the amount of any deficiency remaining after foreclosure and sale of the security, and thus to indemnify the mortgagor against liability therefor. (*Biddel* v. *Brizzolara*, 64 Cal. 354 [30 Pac. 609]; *Williams* v. *Naftzger*, 103 Cal. 438 [37 Pac. 411]; *Tompkins* v. *Powers*, 106 Cal. App. 464 [289 Pac. 685]; *Hopkins* v. *Warner*, 109 Cal. 133 [41 Pac. 868]; *Roberts* v. *Fitzallen*, 120 Cal. 482 [52 Pac. 818]; *Sherwood* v. *Lowell*, 34 Cal. App. 365 [167 Pac. 554]; *Page* v. *W. W. Chase Co.*, 145 Cal. 578 [79 Pac. 278].) The principle upon which these and other supporting cases rest is

that one who assumes a mortgage indebtedness steps into the shoes of the mortgagor, thereby assuming the obligations of the latter as a principal debtor. His contract, like the contract to assume any debt of another, is to merely assume the existing obligation and to carry out the contract of the mortgagor. When this has been done, the obligation assumed, and consequently the agreement by which it was assumed, have been performed. The assumption of mortgage indebtedness in the purchase of property, especially real property, is a practice so extensively followed that the obligations thereby assumed may be said to be a matter of common knowledge. That it carries with it a liability greater than that so frequently declared by the courts and generally recognized in the business world can be true only in a case where the contract of the parties clearly imposes such additional liability. A contrary rule might easily lead to unexpected consequences.

No exceptional case is presented by the facts alleged in the complaint. Defendant Rogers was not one of the purchasers of the property. He did not agree to pay the purchase price nor did he guarantee its payment by the corporation. He very clearly intended to limit his liability to a contract of indemnity, otherwise he would have assumed the obligations of a purchaser. This appears not only from the fact that the corporation was the sole purchaser but from a provision of the contract respecting the rights of the seller in case of default. The contract, after setting forth the right of the seller to retain all moneys paid on the contract and to cancel the escrow through which a conveyance was to be made, provided as follows: "It is further understood and agreed that Majestic may in lieu of terminating said escrow and receiving said deed and retaining said money, at its option, declare the entire balance due on account of said purchase price immediately due and payable and may sue and recover from the corporation such amount then due, together with interest from the date thereof at the rate of 7% per annum, together with attorneys' fees." This provision but confirms the patent fact that the parties intended by the use of the customary language employed that Rogers would assume as to Majestic only the customary liability, namely, that of an indemnitor. The contract is devoid of any expression suggesting a different intention. It is not conceivable that had the parties intended that Rogers should, in effect, become a guar-

antor of the payment of the purchase price of the property, in the event of a foreclosure of the trust deed, as well as an indemnitor of Majestic against liability thereon, they would have failed to express their agreement in clear and unequivocal language.

Plaintiff relies upon cases from other jurisdictions in which, because of their peculiar facts, exceptions to the rule we have stated have been followed. *Haas* v. *Dudley,* 30 Or. 355 [48 Pac. 168], is authority for the rule stated in 41 C. J. 760, to the effect that where the mortgagor of land, all under a single mortgage, sells a part of it and there is a specific agreement by the grantee to pay the entire mortgage as a part of the purchase price of the portion of the land he buys, and he fails to do so, and the land retained by the mortgagor is lost by foreclosure, the mortgagor may recover against his grantee in an action for damages on the assumption agreement, and the measure of damages is the value of the land lost. The inapplicability of this authority to the facts of the instant case is quite clear. The court, we think, very properly held in the cited case that the parties had in mind, and contracted with reference to, an obligation which was something more than a mere agreement to indemnify the mortgagor against a deficiency, namely, protection against the loss of the portion of the land included in the mortgage but not included in the sale. Another case cited by plaintiff is *Rice* v. *Sanders,* 152 Mass. 108 [24 N. E. 1079, 23 Am. St. Rep. 804, 8 L. R. A. 315], which was a case where land subject to two mortgages was sold to a purchaser, who assumed and agreed to pay both mortgages as a part of the purchase price. After foreclosure of the first mortgage and sale of the land, leaving the mortgagor personally liable upon the second mortgage, security for which had been lost, it was held that the purchaser was liable in damages in the amount of the second mortgage. This case is not to be distinguished in principle from one in which the mortgagor has become entitled to call on his indemnitor to pay a deficiency judgment. These cases are but illustrations of contracts which the courts have construed as being something more than agreements of indemnity. They constitute exceptions to the general rule because of their exceptional facts. Not only has plaintiff failed to cite to us any precedent for the redress he seeks, but his position is opposed to the established law in this jurisdiction, namely,

that one who by contract does nothing more than assume an existing mortgage or trust deed indebtedness, as a part of the consideration for the purchase of land held as security therefor, becomes, as to the mortgagee or beneficiary, a principal debtor, and as to the mortgagor an indemnitor only.

The demurrer was properly sustained without leave to amend.

The judgment is affirmed.

Houser P. J., and York, J., concurred.