[No. 11121.    Department One. — June 27, 1888.]

JOHN MALONE, RESPONDENT, *v.* THE CRESCENT CITY MILL AND TRANSPORTATION COMPANY, APPELLANT, AND CHARLES F. MURRAY, DEFENDANT.

CORPORATION — CONTRACT — AGENCY — PLEADING. — An averment that a corporation made and entered into an agreement by its president, is sufficient, as against a general demurrer. If the president, as such, had no authority to enter into the contract, it is matter of defense.

ID. — CONSTRUCTION OF CONTRACT — BURDEN OF PROOF — GUARANTY — ORIGINAL INDEBTEDNESS. — A contract by a corporation to retain one hundred dollars out of money due for each raft of logs run for it, and to pay the same to the creditor of the person running the logs, until the debt of such person is fully paid to such creditor, assumes that at least one hundred dollars will be due on each raft, and the burden is on the corporation to show that there was less than one hundred dollars due on any raft. Such a contract is not one of guaranty, continuing or otherwise; but creates an original indebtedness of the corporation to the creditor in the sum of one hundred dollars for each raft, unless a smaller sum is shown to be due thereon after deducting proper expenses.

ID. — PRECEDENCE OF LIABILITY — EFFECT OF PAYMENT. — When the contract of a corporation to pay one hundred dollars out of the money due from it on each raft of logs run to the creditor of the person running the logs provides that each payment shall have precedence to the extent thereof over any other order and indebtedness whatsoever, if the corporation pays in full for each raft in cash, or by filling orders in advance of the delivery of the rafts, it does so at its peril, and the fact that nothing is due to the person running the logs when the rafts were delivered will not avoid the liability of the corporation to the creditor.

CONTRACT — CONSIDERATION. — A written contract imports a consideration.

Id. — Promise for Benefit of Third Person — Action — Parties. — If a contract be for the benefit of a third person, even though he be not cognizant of it when made, the promise, if adopted by him, is deemed to have been made to him, and he may sue thereon, though the whole consideration moved to the promisor from the original promisee; and it is no objection to such action that the original promisee might also sue upon the promise.

Id. — Rescission of Contract. — A contract for the benefit of a third person cannot be rescinded or revoked so long as the promisor continues to receive the consideration from the original promisee.

Appeal — Instructions — Exceptions — Specification of Error. — The instructions of the court will not be reviewed on appeal, if there are no exceptions or specifications of error respecting the same in the bill of exceptions.

Appeal from a judgment of the Superior Court of Del Norte County, and from an order denying a new trial.

The complaint contained the following averments respecting the contract in question: —

"That on the nineteenth day of December, 1883, the defendant, the Crescent City Mill and Transportation Company, was, ever since has been, and now is, a corporation, duly incorporated under the laws of the state of California, and doing business in Del Norte County in said state.

"That on said nineteenth day of December, said defendant C. F. Murray was indebted to this plaintiff in the sum of one thousand dollars.

"That on said nineteenth day of December, said defendant C. F. Murray was engaged in running logs for defendant, the Crescent City Mill and Transportation Company, at its request and expense, and for its use and benefit.

"That in order that said defendant Murray might so continue to run logs for the use and benefit of said defendant corporation, free from the demands of plaintiff, and legal proceedings thereon, the said defendant C. F. Murray, and the said defendant the Crescent City Mill and Transportation Company, by its president, J. Wenger, for the satisfaction of said indebtedness, that said Murray

might so continue as aforesaid, and for the benefit of plaintiff, made and entered into their agreement in writing, in the words and figures following, to wit:—

"CRESCENT CITY, December 19, 1883.

"Whereas, C. F. Murray, of Del Norte County, California, is indebted to John Malone of the same place in the sum of one thousand dollars, and is desirous of paying the same; and whereas he, Murray, is engaged in running logs for the Crescent City Mill and Transportation Company of said county, to their mill on Lake Earl,—now, said Murray agrees to pay said Malone the sum of one hundred dollars on each raft of logs run by him for said company until the above sum of one thousand dollars is fully paid. And the said Crescent City Mill and Transportation Company are hereby requested to pay the said sum of one hundred dollars to said Malone, on each run of logs made by him for them, out of the amount due him on said run. And the Crescent City Mill and Transportation Company, in consideration of the premises, hereby agrees to retain out of the amount due or to be due said Murray on each run of logs as aforesaid one hundred dollars, and pay the same to said Malone, until the said sum of one thousand dollars is fully paid. And it is further understood and agreed between the parties hereto that the orders contained herein by said Murray to said Crescent City Mill and Transportation Company shall have precedence to the extent thereof, on amount due said Murray by said company, on each run of said logs, over any other order or indebtedness whatsoever.

"CHAS. F. MURRAY.

"THE CRESCENT CITY MILL AND TRANSPORTATION CO.,

"By J. WENGER, President.

"Which said agreement was delivered to this plaintiff."

The complaint further averred the delivery of nine several rafts or runs of logs by said Murray to the defendant corporation, upon which only three payments of one

hundred dollars each have been made for the first three rafts, and demanded judgment for six hundred dollars unpaid upon each of the remaining rafts.

The corporation interposed a demurrer, upon the following grounds: " 1. That the complaint does not state facts sufficient to constitute a cause of action; 2. The complaint is uncertain in this: it does not appear at what time, or upon what day or days, the said fourth, fifth, sixth, seventh, eighth, and ninth rafts of logs were run; 3. That several causes of action have been improperly united, in this: the cause of action accruing upon the fourth, fifth, sixth, seventh, eighth, and ninth rafts or run of logs are not separately stated, but all united in one count."

The further facts are stated in the opinion of the court.

*L. F. Coburn*, and *Sawyer & Burnett*, for Appellants.

The corporation could act through its board of directors only, acting as a board, or through agents duly authorized by them. (See Civ. Code, sec. 305; *Gashwiler* v. *Willis*, 33 Cal. 11; *Maynard* v. *Fireman's Fund Ins. Co.*, 34 Cal. 48; 91 Am. Dec. 672; *Blood* v. *Marcuse*, 38 Cal. 593; 99 Am. Dec. 435; *Yellow Jacket Mining Co.* v. *Stevenson*, 5 Nev. 224; *Oregonian Railway Co.* v. *Oregon Railway and Navigation Co.*, 10 Saw. 474; Angell and Ames on Corporations, sec. 297; *Blen* v. *Bear River and Auburn Water and Mining Co.*, 20 Cal. 602; 81 Am. Dec. 132; *Bliss* v. *Keweah Canal and Irrigation Co.*, 65 Cal. 502.) The president, as such, had no authority to enter into such a contract, and bind the corporation thereby. If he had such a power, the complaint should so show, which it totally fails to do; hence it does not state facts sufficient, etc. (See Angell and Ames on Corporations, sec. 290; *Farmers' Bank* v. *McKee*, 2 Pa. St. 318; *Shyker* v. *Spence*, 8 Ala. 333; *Bacon* v. *Miss. Ins. Co.*, 31 Miss.

116.) The contract was a continuing guaranty, if any-
thing, on the part of the defendant corporation (Civ.
Code, sec. 2814; Baylies on Sureties and Guarantors,
6, 124–127; *City National Bank* v. *Phelps,* 16 Hun,
158; *Bent* v. *Hartshorn,* 1 Met. 24; *Rindge* v. *Judson,*
24 N. Y. 64–71; *White's Bank of Buffalo* v. *Myles,* 73
N. Y. 335; 29 Am. Rep. 157); and was revoked after three
hundred dollars had been paid by the defendant corpora-
tion, and before any more was due. (See Civ. Code, sec.
2815.)

*R. G. Knox, William H. H. Hart,* and *Aylett R. Cotton,*
for Respondent.

The complaint does allege that the defendant corpora-
tion, by its president, made the agreement. This was a
sufficient statement that the agreement was made by the
corporation. The contract is not a guaranty, continuing
or otherwise. Were the contract a guaranty, the defend-
ant corporation continued to receive the runs of logs,
and did not renounce the consideration, and therefore
could not revoke it. (Civ. Code, sec. 2815.)

PATERSON, J.—The demurrer was properly overruled.
The complaint alleges that the defendant (by its presi-
dent, J. Wenger) made and entered into the agreement
set forth therein. The contract is signed, " The Crescent
City Mill and Transportation Company, by J. Wenger,
President." If the president, as such, had no authority
to enter into the contract, it was a matter of defense.
The allegation that the defendant made the contract is
sufficient, certainly as against a general demurrer. In
other respects we think the complaint was sufficient. A
copy of the contract is set forth therein. It is assumed
by the terms of the contract that there would be at least
one hundred dollars due Murray on each run of logs.
Under the peculiar language used, if it be conceded that
there was not an absolute promise to pay one hundred

dollars on each run of logs, the burden was upon the defendant to show that there was less than one hundred dollars due Murray on any raft.

There are no assignments of error in the record. The only points made as to the insufficiency of the evidence are: 1. There is no evidence to show that there is or was anything due from the defendant corporation to the defendant Murray, or to the plaintiff, since the payment of the said three hundred dollars; 2. That the evidence is undisputed and uncontradicted that there was no consideration for the said agreement; and 3. That the agreement was revoked prior to the delivery of the fourth raft.

The contract provides that the payments of one hundred dollars on each run of logs "shall have precedence to the extent thereof on amount due said Murray by said company on each run of said logs over any other order or indebtedness whatsoever." The evidence showed that the smallest raft contained 189,447 feet of lumber, and that the price to be paid Murray by the defendant corporation was four dollars per thousand feet. The amount to be paid Murray for the smallest raft, therefore, was nearly eight hundred dollars. The evidence does not show what expenses were to be deducted from that amount, if any; and the contract, as before stated, expressly provides that the one hundred dollars to be paid the plaintiff on each raft should have precedence over any other order or indebtedness whatsoever. The fact that there was nothing due Murray from the defendant corporation when the rafts were delivered does not alone determine the liability of the defendant in this action. If the defendant chose to pay Murray in full for each raft in cash, or by filling orders in advance of the delivery of the rafts, it did so at its peril, for the contract expressly stipulated against such a contingency.

The written instrument imports a consideration, and there was, in fact, a consideration passing from Murray

to the defendant. He continued to deliver logs to it at the prices agreed upon. This was sufficient. In *McLaren* v. *Hutchinson*, 18 Cal. 80, it was held that where A owes B, and B owes C, and A and B, without consulting C, agree that A shall pay to C the amount which A owes B, an action could not be maintained by C against A for want of privity; but this decision was practically overruled in *Lewis* v. *Covillaud*, 21 Cal. 178, and *McLaren* v. *Hutchinson*, 22 Cal. 190. Such a promise, although the party for whose benefit it was made was not cognizant of it when made, is, if adopted by him, deemed to have been made to him, and he may sue upon the promise thus made without a consideration passing from him to the promisor (*Lawrence* v. *Fox*, 20 N. Y. 268; *Anthony* v. *Herman*, 14 Kan. 497; *Kollock* v. *Parcher*, 52 Wis. 399; Pomeroy's Remedies and Remedial Rights, sec. 139); and it is no objection to the maintenance of a suit by him for whose benefit the promise is made that an action might be brought also against the one to whom the promise was made. (*Mason* v. *Hall*, 30 Ala. 601.)

The contract was not revoked or rescinded as claimed by appellant. It was not a contract of guaranty, continuing or otherwise. By its agreement and its acceptance of the rafts from Murray, the defendant corporation became indebted to the plaintiff in the sum of one hundred dollars for each raft, unless, perhaps, it could show that there was not that amount due Murray on any raft after deducting whatever expense the defendant was entitled to deduct from the price to be paid Murray therefor, and without giving precedence to "any other order or indebtedness." The defendant could not continue to receive logs from Murray and at the same time repudiate the payment of one hundred dollars on each run. So long as the defendant continued to receive the runs of logs, it continued to receive the consideration passing from Murray to it, and could not under such circumstances revoke the agreement.

No exceptions were taken to any of the instructions given to the jury, and, as stated before, there are no specifications of errors in the bill of exceptions.

Judgment and order affirmed.

Searls, C. J., and Temple, J., concurred.

Hearing in Bank denied.