[Sac. No. 317.  Department Two.—January 24, 1899.]

## S. N. MITROVICH, Respondent, v. FRESNO FRUIT PACK-ING COMPANY, Appellant.

SALE OF FIG CROP — CONTRACT WITH PARTNERSHIP — INCORPORATION— NOVATION—PLEADING.—In an action to recover the agreed price of a crop of figs sold and delivered, in which the complaint alleges a sale and delivery of the figs at the agreed price directly to the defendant corporation, averments therein regarding a previous contract with a partnership whose members formed the corporation, are but of evidentiary matter, and might have been omitted.  Such complaint is not demurrable for not alleging a novation of the contract and a release of the partnership from its obligations.

ID.—ASSUMPTION OF OBLIGATIONS OF PARTNERSHIP BY CORPORATION—RELEASE OF PARTNERSHIP NOT ESSENTIAL.—Where it appears that the corporation succeeded directly to the business of the partnership, and assumed the duties of the partnership in reference to the figs which it received from the plaintiff, it is not essential to plaintiff's right of action against the corporation that there should have been a formal novation of the corporation in the contract, and a release of the partnership from liability thereon.

ID.—CONTRACT BY AGENT—AUTHORITY TO EXERCISE OPTION TO PURCHASE —FAILURE TO DISCLOSE LIMITATIONS—INSTRUCTION.—Where the evidence was conflicting as to the authority of an agent of the defendant corporation, who received a delivery of figs, to exercise an option given by the contract with the partnership to purchase the crop of figs at time of delivery, at the agreed market value, it was erroneous for the court to instruct the jury that if such agent did not disclose any limitations upon his authority to contract with the plaintiff, and the plaintiff did not know that he was not authorized to contract for the purchase of the figs, and that if he contracted for the purchase of the figs, on behalf of the defendant, they should find for the plaintiff.

ID.—LIMITATIONS UPON AUTHORITY—POWER OF AGENT.—An agent cannot bind his principal by any express definition of his agency, and cannot by mere silence concerning limitations upon his authority render such limitations ineffective; nor can it be inferred that an agent possesses power to purchase goods from the mere fact that he was an agent to represent the partnership or the corporation in some undefined dealing with the owner regarding the same.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial.  J. R. Webb, Judge.

The facts are stated in the opinion.

L. L. Cory, for Appellant.

A novation of the contract was essential to charge the corporation; and neither the pleadings nor the evidence show a release of the partnership which was essential to a novation. (16 Am. & Eng. Ency. of Law, 864, 865, and cases cited; *Haubert v. Mausshardt,* 89 Cal. 433; *Chapin v. Brown,* 101 Cal. 500; *In re Sullenberger,* 72 Cal. 549; *Pimental v. Marques,* 109 Cal. 406-11; *American Paper Bag Co. v. Van Nortwick,* 32 Fed. Rep. 752; *Jackson Iron Co. v. Negaunee Con. Co.,* 65 Fed. Rep. 298; *Brewer v. Winston,* 46 Ark. 163; *Cornwell v. Magins,* 39 Minn. 407; *Waydell v. Luer,* 3 Denio, 410; *Bonnemer v. Negrete,* 16 La. 474; 35 Am. Dec. 217; *Black v. De Camp,* 78 Iowa, 718; *Warren v. Batchelder,* 15 N. H. 129; *Adams v. Power,* 48 Miss. 451.) An agent cannot by any declaration or course of conduct establish his own authority to contract; but it must be proved *aliunde.* (Wharton on Evidence, sec. 1183; 1 Am. & Eng. Ency. of Law, 2d ed., 987; *Smith v. Liverpool etc. Ins. Co.,* 107 Cal. 432, 437; *Grisby v. Clear Lake Water Co.,* 40 Cal. 396; *Blum v. Robertson,* 24 Cal. 127, 140; *Quay v. Presidio etc. R. R. Co.,* 82 Cal. 1.)

Stuart S. Wright, and O. Scribner, for Respondent.

No novation was needed. It was sufficient that the corporation assumed the liabilities of the firm, and contracted for the crop of figs. (*Cutting Fruit Packing Co. v. Packers' Exchange,* 86 Cal. 574; 21 Am. St. Rep. 63; *Reed Bros. Co. v. First Nat. Bank,* 46 Neb. 168; *Calumet Paper Co. v. Stotts Inv. Co.,* 96 Iowa, 147; 59 Am. St. Rep. 362; *American Paper Bag Co. v. Van Nortwick,* 52 Fed. Rep. 752.) Dunlap had ostensible authority to make the purchase. (Civ. Code, secs. 2316, 2317; Mechem on Agency, secs. 84, 279, 707; *Quinn v. Dressbach,* 75 Cal. 159; 7 Am. St. Rep. 138; *Heald v. Hendy,* 89 Cal. 632.) Where the principal has neglected to make the limitation of authority certain, the authority must be construed against the principal, in favor of innocent third parties. (Mechem on Agency, secs. 283, 310.)

BRITT, C.—Four certain persons were copartners, and in that capacity, on June 27, 1895, they entered into a contract in writing with Mitrovich, the plaintiff in this action, whereby

he agreed to deliver to them the crop of figs to be obtained that season from a certain orchard, and authorized them to pack and sell the same on his account for specified compensation; the duties of which employment they on their part undertook to discharge.    Said contract contained also a provision allowing to said partnership "the privilege of purchasing said described figs at time of delivery at the agreed market value."    About August 21st, following, three of said partners, together with two other persons, formed a corporation under the same name which had been the partnership designation—Fresno Fruit Packing Company.    This is an action against said corporation; plaintiff's complaint contains three counts; in the first it is alleged, among other things, that defendant "succeeded to all business relations, interests, and liabilities of said partnership, and, in pursuance of the terms of said contract, exercised its privilege and option to, and did, buy of and from said plaintiff, and plaintiff sold and delivered to said defendant corporation," twenty-one thousand two hundred and fifty-four pounds of said figs at certain prices agreed upon, for which a balance specified remains unpaid. There was a verdict in plaintiff's favor for a few dollars less than the aggregate of the sums demanded on his several alleged causes of action, and judgment was rendered accordingly.    The evidence at the trial concerning plaintiff's right to recover on the second and third counts was conflicting, and they are of little or no consequence in the appeal.    The matters for our consideration concern  the first count of the complaint, which was the foundation of the greater part of the recovery.

Defendant claims that said first count (to which he demurred) is bad both in form and substance in that it does not show with certainty or at all a novation of defendant for the partnership of the same name in the contract of June 27, 1895; that there could be no novation without a release of the partnership from the obligations of the contract, and that no such release is averred.    But, as we read the pleading, it alleges a sale and delivery of the figs by plaintiff directly to defendant at agreed prices; the averments regarding the previous contract with the partnership and the relation of defendant to that contract are but evidentiary matter and might as well—and better—have been omitted.    If, therefore, any uncertainty exists in the plead-

ings, it is in a particular not at all material to the cause of action, and the demurrer was properly overruled.

The principal disputed question of fact is whether there was a sale by plaintiff to defendant as alleged by him; defendant contends that whatever goods it received from plaintiff were to be sold by it on commission, and that they had not been sold when this action was brought. The evidence for plaintiff under the first count related to two distinct lots of the fruit. The first lot consisted of ten thousand pounds of figs, which he delivered on or about August 29, 1895; the second contained eleven thousand two hundred and fifty-four pounds, and was delivered about September 19th following. The negotiations concerning the goods included in the later delivery occurred between plaintiff and one A. F. Tenney, the managing agent of defendant; the evidence was conflicting as to whether they were sold outright to defendant or bailed to it for sale on commission, and we need not notice that transaction further. But the first lot of ten thousand pounds was, according to the contention of plaintiff, purchased by defendant through the instrumentality of one Dunlap, a subordinate agent, who was in the employ first of said partnership and afterward of the corporation.

In our opinion, there was evidence from which the jury might infer that the corporation undertook to fulfill the obligations of the partnership under the said contract of June 27th. It succeeded directly to the business of the partnership; Mr. Tenney, who was manager of the business of both concerns, testified that the partnership had made no contracts to handle fruit during 1895, prior to September 3d, except the contract with Mitrovich, and that "all the goods under that contract had not been delivered at the time the corporation was formed, and the corporation took charge of the balance of it"; the fact seems to have been that none of such goods were delivered prior to August 29th, and the corporation was formed a week earlier. There was other evidence tending in the same direction—to show, that is, that the defendant received the goods and assumed the duties of the former partnership in relation thereto, and also that this arrangement was in effect when plaintiff delivered the first lot of figs. This being the situation of the parties, it was not essential to plaintiff's right of action now asserted that there

should have been a formal novation of the corporation in said contract and a release of the partnership from liability thereon. (*Malone v. Crescent City etc. Co.*, 77 Cal. 38, 44; *American Paper Bag Co. v. Van Nortwick*, 52 Fed. Rep. 752; Civ. Code, sec. 2794, subd. 3, last clause.)

But although there was some evidence from which the jury might find that Dunlap received the first delivery of figs as the agent and servant of defendant, it remained to determine whether defendant elected through him to purchase the goods under the option allowed by the contract of June 27th, and this necessitated an inquiry as to the scope of his agency. Defendant contends that he had no authority for any such purpose, even if he attempted to exercise it—which is also denied. Viewing the evidence touching the extent of Dunlap's power in the light most favorable to plaintiff, all that can be said is that it was conflicting. In this state of the case the court instructed the jury as follows: "If you should find from the evidence that Dunlap was employed by the defendant and the copartnership as an agent to represent them in dealing with the plaintiff, and that said Dunlap did not disclose to the plaintiff any limitations upon his authority to contract with the plaintiff, and the plaintiff did not know that he was not authorized to contract with reference to the purchase of the figs, and you should find from the evidence that said Dunlap did make the contract for the purchase of the figs on behalf of the copartnership or the defendant, then you should find for the plaintiff." This instruction was clearly erroneous and can scarcely have failed to prejudice the case of defendant. As an agent cannot bind his principal by any express definition of his agency (Civ. Code, sec. 2322), so he certainly cannot by mere silence concerning limitations on his authority render such limitations ineffective. If the instruction was designed to convey to the jury information on the subject of a "holding out" of Dunlap by defendant as an agent having authority to purchase, it was very misleading; virtually, from the fact that he was an agent to represent either defendant or its predecessor, the partnership, in some undefined dealing with plaintiff regarding the figs, they were allowed to infer that he possessed any power whatever in that behalf which he might assume to exercise. (See *Robinson v. Nevada Bank*, 81 Cal. 106;

*Bergtholdt v. Porter Bros. Co.,* 114 Cal. 681; *Walsh v. Hunt,* 120 Cal. 46.) Because of the error in the charge to the jury the judgment and order denying a new trial should be reversed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order denying a new trial are reversed.

McFarland, J., Temple, J., Henshaw, J.