[Civ. No. 1472.  Third Appellate District.—February 10, 1916.]

UNION TRUST COMPANY OF SAN FRANCISCO (a Corporation), Respondent, v. ENSIGN-BAKER REFINING COMPANY (a Corporation), Appellant.

ACTION ON PROMISSORY NOTE—APPEAL FROM JUDGMENT—JUDGMENT-ROLL—DEFENSE OF ACTION PENDING NOT REVIEWABLE.—Upon an appeal taken upon the judgment-roll alone in an action upon a promissory note, the defense that the same cause of action was pending in another action at the time such judgment was entered cannot be considered, for there is nothing in the record to show that such defense was established.

ID.—PLEADING—USE OF MONEY FOR BENEFIT OF DEFENDANT CORPORATION—SUFFICIENCY OF COMPLAINT.—Where it appears from the allegations of the complaint that the transaction was between two corporations in their corporate capacity, and that the plaintiff advanced

29 Cal. App.—41

the money to the defendant, which was the "value received" by the latter for executing the note, the complaint is not subject to demur-rer on the ground that it does not state that any money received in exchange for the note was used for the benefit of the defendant corporation.

Id.—Authority to Execute Corporation Note — Presumption. — The complaint is not subject to demurrer for failure to allege that the president and secretary of the corporation maker were duly authorized to execute the note, as such authority will be presumed.

Id.—Designation of Corporate Capacity—Abbreviations.—The use of the abbreviations "Pres." and "Secy.," in designating the official capacities in which the president and secretary of the corporation maker signed the note, is sufficient to show official capacity.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Daniel O'Connell, and L. Horwitz, for Appellant.

Heller, Powers & Ehrman, and James L. Robison, for Respondent.

CHIPMAN, P. J.—This is an action upon a promissory note. Plaintiff had judgment for twelve thousand five hundred dollars, principal, and four hundred and seventy dollars and eighty-three cents, simple interest, computed at the rate of six per cent per annum. Defendant appeals from the judgment. It is alleged in the complaint that both plaintiff and defendant are corporations organized under the laws of California. The third paragraph of the complaint reads as follows:

"On or about December 15, 1910, at the city and county of San Francisco, state of California, the defendant for value received, to-wit, the sum of twenty thousand (20,000) dollars then and there loaned and advanced by the plaintiff to the defendant, made, executed and delivered to the plaintiff its promissory note, of which the following is a copy:

" '$20000.00        San Francisco, Cal., December 15, 1910.

" 'One day after date, without grace, for value received, Ensign-Baker Refining Company (a corporation) promises to pay to the order of the Union Trust Company of San Fran-

cisco (a corporation) at its office in this city, the sum of Twenty Thousand Dollars, in United States Gold Coin, of the present standard of weight and fineness, with interest thereon in like Gold Coin, from date until paid, at the rate of six per cent per annum, payable monthly, and if not so paid, to compound and become a part of the principal, and bear interest thereafter at the same rate.

> " 'Ensign-Baker Refining Co.
> " 'By E. J. Ensign, Pres.
> " 'By L. E. Ensign, Secy.' "

It is further alleged that the sum of seven thousand five hundred dollars and no more has been paid on account of the principal of said promissory note and interest to and including June 30, 1913, and no more, leaving a balance unpaid upon the principal of twelve thousand five hundred dollars and interest thereon from June 30, 1913, "at the rate of six per cent per annum, payable monthly and compounded," no part of which said principal sum of twelve thousand five hundred dollars and no part of any interest accruing since said June 30, 1913, has been paid. The complaint is verified.

Defendant interposed a general demurrer on the ground that the complaint fails to state whether or not said president and secretary were authorized by said corporation to execute and deliver said promissory note; that the complaint does not state that any money received in exchange for said promissory note was used for the benefit of said corporation; that the complaint is uncertain, and that it does not set forth any authorization of said president and secretary to make, execute, or deliver said promissory note. The demurrer was overruled and defendant answered.

The answer admits the corporate capacity of plaintiff and defendant; admits the execution and delivery of said promissory note as alleged in paragraph III of the complaint, but "denies that any more than seven thousand five hundred dollars of principal, and interest at the rate of six per cent and no more is due upon said note," and denies that there is any compound interest due.

As a further answer defendant alleges that another action was commenced by plaintiff upon this same promissory note prior to the commencement of this present action, in which certain named persons, other than defendant, are defendants; that said action went to trial and judgment, from which an

appeal has been taken to the supreme court and execution was stayed by proper undertaking, and defendant alleges that said judgment is a bar to the further prosecution of this action. The judgment from which the present appeal was taken recites that the cause came on regularly for trial on February 16, 1914. ''The defendant did not appear and was not present either in person or by attorney or counsel. Thereupon proof was made to the satisfaction of the court that more than five days' notice of trial and that the action would be tried on this day has been given to the defendant and its attorney, Daniel O'Connell, Esq. Thereupon the action was tried upon the issues joined by the complaint and answer on file herein, and the evidence oral and documentary was taken on behalf of plaintiff in support of the allegations in the complaint; and the plaintiff by its attorneys having waived its claim of compound interest and consented that interest might be computed at simple interest at the rate of six per cent per annum, thereupon the court found that the plaintiff was entitled to recover,'' etc. The judgment also recited that findings of fact and conclusions of law were waived by defendant's failure to appear or be represented at the trial.

The appeal necessarily is on the judgment-roll alone.

The defense that the same cause of action was pending in another action at the time this judgment was entered cannot be considered, for there is nothing in the record to show that such defense was established. The only question raised by the demurrer that we can consider concerns the alleged insufficiency of the complaint to state a cause of action, and the grounds on which insufficiency is claimed are that the complaint fails to state that the president and secretary of defendant corporation were authorized to execute and deliver the promissory note sued upon, and the complaint does not state that any money received in exchange for said note was used for the benefit of the defendant corporation.

It is alleged, and admitted by the demurrer, that defendant, ''for value received, to wit, the sum of twenty thousand dollars, loaned and advanced by plaintiff to defendant,'' executed and delivered to plaintiff the promissory note of which a copy is set out in the complaint. If the corporation defendant received the money, it will be presumed that it was for the benefit of the corporation. It plainly appears that the transaction was between the two corporations in their

corporate capacity, and plaintiff corporation advanced the money to defendant corporation which was the "value received" by the latter for executing the promissory note. The copy shows that the corporate seal of defendant was affixed to the note, and, even if it had not been, the defendant, having received the money, could not question the validity of the note on that ground.

The objection that there was no averment in the complaint that the president and secretary were duly authorized to execute the note is without merit. The complaint shows that the promissory note purports to be the corporate act of defendant, and it was not necessary to allege that the president and secretary were authorized by resolution of the directors to execute the instrument. It will be presumed that they had such authority, since it is admitted that the corporation, for which they assumed to act, executed and delivered the note and received the consideration.

It was said in *Malone v. Crescent City etc. Co.,* 77 Cal. 38, 42, [18 Pac. 858] : "The contract is signed 'City Mill & Transportation Company by J. Wenger, President.' If the president, as such, had no authority to enter into the contract, it was a matter of defense. The allegation that the defendant made the contract is sufficient, certainly as against a demurrer."

Nor is there any merit in the contention that the abbreviations used to designate the official capacity in which the president and secretary signed the note were insufficient to show such official capacity. Courts take judicial notice of the meaning of abbreviations of words commonly used. This is the rule in respect of courts and judicial officers (Code Civ. Proc., sec. 186) ; and is the rule applied in ascertaining the meaning of words shortened in common use by abbreviating them. (*Estate of Lakemeyer,* 135 Cal. 28, [87 Am. St. Rep. 96, 66 Pac. 961].) In this case the court said: "Abbreviations form, indeed, part of language, and do not differ essentially in their nature from words which, like them, are themselves merely signs of thoughts."

It seems to us that the admissions implied by the demurrer substantially answer the objections upon which it purports to rely.

In its answer, after demurrer overruled, defendant admitted the execution of the note; admitted that it had paid a

considerable part of it; admitted that there was still due seven thousand five hundred dollars, and admitted that it received the full consideration, the amount stated in the promissory note. There was perhaps enough in the answer to require proof of the amount remaining unpaid and the interest to be allowed, but these were the only facts for the court to determine.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.