[Civ. No. 2091.   Second Appellate District.—April 8, 1918.]

## SHERWOOD & SHERWOOD (a Corporation), Appellant, v. GILL & LUTZ (a Copartnership) et al., Respondents.

STATUTE OF LIMITATIONS—SALE OF BUSINESS—ASSUMPTION AND PAYMENT OF INDEBTEDNESS OF VENDOR—GIST OF ACTION.—Where on the sale of a business the purchasers agree to assume and pay all indebtedness of the vendor contracted in or about the business, such agreement, rather than the original indebtedness of the vendor, constitutes the gist of the action by a creditor, in so far as the statute of limitations is concerned.

CONTRACT — BENEFIT OF THIRD PERSON — KNOWLEDGE OF INDEBTEDNESS UNNECESSARY.—Under section 1559 of the Civil Code, providing a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it, it is not necessary that the parties for whose benefit the contract was made be named in the contract, or that the contracting party should know of the indebtedness.

ID.—ACTION ON CONTRACT—EVIDENCE—PROOF OF OPEN BOOK ACCOUNT UNNECESSARY.—In an action on a contract made in the purchase of a business to pay all indebtedness of the vendor contracted in and about the business, it is not necessary for the plaintiff to prove that the indebtedness is on an open book account, although so alleged, since the same is but an evidentiary fact.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

T. F. Allen, for Appellant.

T. N. Harvey, for Respondents.

CONREY, P. J.—On the twenty-third day of August, 1910, J. C. Fuller sold and transferred to defendants the personal property and improvements and goodwill of a saloon business theretofore conducted by him on certain premises in San Luis Obispo County.   The written contract of sale provided that the purchasers "hereby agree to assume and pay all indebtedness of the said J. C. Fuller contracted in or about the said business."   In this action the plaintiff seeks to recover on that contract as one made for its benefit

and for the benefit of its assignor as creditors of Fuller on account of indebtedness contracted by him in and about the business described in said contract.

The original complaint by which this action was commenced was filed on February 4, 1913; the case went to trial upon the second amended complaint and the answer thereto. Our further references to the complaint should be understood as meaning the second amended complaint. The first count alleged that on August 23, 1910, Fuller was indebted to plaintiff in the sum of $258.59 upon an open book account for goods, wares, and merchandise sold and delivered by plaintiff to Fuller in the months of May and June, 1910. The second count alleged that on the twenty-third day of August, 1910, Fuller was indebted to H. Jevne Company in the sum of $292.20 upon an open book account for merchandise sold by that company to him in the months of April and June, 1910, which said account was on December 30, 1912, assigned by H. Jevne Company to plaintiff. Judgment was entered in favor of defendant Lutz, defendant Gill having suffered default. Plaintiff appeals from the judgment entered in favor of Lutz.

1. It was found by the court to be true, as alleged by defendant Lutz, that as to each of the causes of action in plaintiff's complaint it was barred by subdivision 1 of section 339 of the Code of Civil Procedure. If, as contended by respondent, this is an action to recover a sum due upon an open book account, or if, as contended by appellant, the action rests upon a contract liability founded upon an instrument in writing executed by the defendants within this state, the period of limitation is four years, as provided by section 337 of the Code of Civil Procedure. The action is not, upon either theory, governed by the two-year limitation described by section 339 of the Code of Civil Procedure.

Appellant relies upon the written contract made by defendants with Fuller, and upon section 1559 of the Civil Code, which reads as follows: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Appellant contends that the gist of his action is the enforcement of a contract agreeing to pay a debt to a third person; that he is suing upon that contract, and not directly upon the obligation of indebtedness which had been incurred by Ful-

ler.   Appellant's theory is that the agreement of defendants to pay the debts of Fuller is a new contract for which the property transferred by Fuller to defendants constituted the consideration.   Respondent, on the other hand, contends that the only causes of action stated by the complaint are founded upon the alleged indebtedness of Fuller to the plaintiff "upon an open book account," and upon a similar indebtedness of Fuller to plaintiff's assignor, also "upon an open book account"; that the only indebtedness proved to have been incurred by Fuller was not proved as upon any open book account, but was only an ordinary indebtedness upon oral agreement for goods sold; that the action was, therefore, barred by the statute of limitations (Code Civ. Proc., sec. 339, subd. 1), because it was not commenced within two years after the indebtedness incurred by Fuller became due.

In support of his claim that the action is in substance founded only upon the original "open book account" indebtedness said to have been created by Fuller, respondent refers to the case of *Roberts* v. *Fitzallen*, 120 Cal. 482, [52 Pac. 818].   That action was instituted for the foreclosure of a mortgage which, at the time of the transfer of the mortgaged property to him, Fitzallen had assumed and agreed to pay.   At that time the mortgage debt was not yet due. The action was commenced within less than four years after the note by its terms became due, but more than four years after the deed to Fitzallen.   Fitzallen claimed that the four-year period of limitation began to run at the date of his deed, and that the action against him was upon the liability created by the terms of the deed as accepted by him.   In response the court said: "The liability of the grantee in such a case is the indebtedness secured to be paid by the mortgage.   But it must be enforced by foreclosure; and a deficiency judgment may be entered against him only upon the security— the mortgaged premises—becoming exhausted.   (Citing cases.)   It necessarily results that the statute of limitations must run against the mortgage obligation, for that is the grantee's liability; and not against the promise to pay the mortgage as a new and independent agreement."

In *Daniels* v. *Johnson*, 129 Cal. 415, [79 Am. St. Rep. 123, 61 Pac. 1107], the supreme court defined the effect of an agreement assuming and agreeing to pay a mortgage.   The

court said: "The effect of the deed from Wilson to Howe, executed as it was while the note was a subsisting obligation or, in other words, before it was barred by the statute of limitations, was to waive so much of the period of limitations as had run in favor of Wilson, the mortgagor, and establish a continuing contract and not a new contract. There was no merger of the old debt in the new, but merely a continuation of the original liability for a longer term. There was no renewal of the lien, and no occasion for its renewal; it was not extended, nor was it extinguished, but continued for the period during which the note, as continued, had to run." (Citing *Southern Pacific Co.* v. *Prosser,* 122 Cal. 413, [52 Pac. 836, 55 Pac. 145]; *Roberts* v. *Fitzallen,* 120 Cal. 482, [52 Pac. 818].)

Discussing the foregoing decisions, appellant accounts for them, and in our opinion correctly accounts for them, by the fact that they involved promises to pay mortgage indebtedness, under a law which defines and limits the mortgagee's right of action; the promise to pay in those cases being, under the statute, not enforceable personally for anything more than the portion of the debt which may remain unpaid after a sale made under decree of foreclosure; the action not being, as in the case at bar, solely upon the promise to pay as a new and independent agreement. We think that the difference between an agreement thus affecting the rights of parties to a foreclosure suit, and a contract enforceable only at law upon a personal agreement made for the benefit of a third person, is very clear. In *Washer* v. *Independent Mining & Development Co.,* 142 Cal. 702, [76 Pac. 654], which was an action at law to recover upon a promise made by the defendant to certain persons to pay money which they owed to the plaintiff, the plaintiff's right to recover was based directly upon the promise thus made. At page 708 of the decision last cited the court quoted from *Brewer* v. *Dyer,* 7 Cush. (Mass.) 337, as clearly stating the doctrine in the following terms: "Upon the principle of law long recognized and clearly established, that where one person for a valuable consideration engages with another to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement; . . . that it does not rest upon the ground of any actual or supposed relationship between the parties, as

some of the earlier cases seem to indicate, but upon the broad and more satisfactory basis that the law, operating upon the acts of the parties, creates the duty, establishes a privity, and implies the promise and obligation on which the action is founded.'' In *Malone* v. *Crescent City Mail & Transp. Co.,* 77 Cal. 38, [18 Pac. 858], it was said that where A owes B, and B owes C, and A and B, without consulting C, agree that A shall pay to C the amount which A owes B, an action may be maintained by C against A. ''Such a promise, although the party for whose benefit it was made was not cognizant of it when made, is, if adopted by him, deemed to have been made to him, and he may sue upon the promise thus made without a consideration passing from him to the promisor.''

In the case at bar, it is true that each of the contracts, in its turn, must have been made, before the defendants can be held as bound to pay to the plaintiff. But primarily it is the contract made by the defendants which makes them liable at all. There being no mortgage, the remedy is not complicated by any rule which prevents a direct action at law for the collection of the debt. Our conclusion, therefore, is that if by their agreement with Fuller the defendants agreed to pay the indebtedness of Fuller then owing to the plaintiff and to the plaintiff's assignor for the merchandise which had been sold to Fuller as stated in the complaint, the cause of action of the plaintiff arises directly out of the agreement thus made by the defendants, and this agreement rather than the original indebtedness constitutes the gist of the plaintiff's cause of action. It follows that the action was not barred by the statute of limitations.

2. The trial court found that at the time the defendants entered into the agreement with Fuller for the purchase of his business, they had no knowledge of any indebtedness existing between Fuller and the plaintiff, or between Fuller and the plaintiff's assignor, and that said agreement was not made expressly or at all for the benefit of either the plaintiff or its assignor. The latter part of this finding cannot be sustained unless it is justified by the fact that at the time of making such agreement the defendants had no knowledge of the existence of such indebtedness owing by Fuller. To show that the entire finding is thus justified, respondent cites the case of *Wilson* v. *Shea,* 29 Cal. App. 788, [157 Pac.

543], quoted as follows: "The rule of the decisions is clear to the point that in order to sustain such an action, there must have been an intent clearly manifested on the part of the contracting parties to make the obligations inure to the benefit of the third party." But we do not think that decision sustains respondent's contention. The court held that the writing upon which the plaintiff in that case relied did not show an intent to assume responsibility to the plaintiff's assignor on account of a certain contract. That being so, of course the plaintiff, or his assignor, could not be the person for whose benefit the contract was made and could not recover thereon. In the case at bar, although Sherwood & Sherwood and the Jevne Company were not named in the contract made by the defendants, yet if at that time Fuller was indebted to those corporations by reason of obligations contracted in and about the business which Fuller sold to the defendants, then those corporations belonged to a class of creditors of Fuller, which class was expressly designated in the contract. "It is not necessary that the parties for whose benefit the contract has been made should be named in the contract. It must appear, however, by the direct terms of the contract, that it was made for the benefit of such parties." (*Chung Kee* v. *Davidson*, 73 Cal. 522, [15 Pac. 100].) It appears, therefore, that plaintiff is entitled to maintain this action if it can establish by sufficient proof that Fuller was indebted as alleged in the complaint.

3. The court found "that J. C. Fuller was not indebted either to H. Jevne Company or Sherwood & Sherwood in any sum upon an open book account for goods, wares, and merchandise sold and delivered either by H. Jevne Company or by Sherwood & Sherwood to said Fuller." In view of our definition of the nature of the plaintiff's cause of action, it is not necessary that the indebtedness owing by Fuller should have been "upon an open book account," if even without such open book account the evidence proves that the indebtedness existed, contracted by Fuller in and about his saloon business, and that it was for goods, wares, and merchandise sold and delivered to Fuller as alleged in the complaint. Proceeding upon this theory of the case, we will now examine the evidence.

Counsel for the respective parties agree that the evidence shows the following facts: With reference to the Sherwood

& Sherwood account, that in May, 1910, Fuller ordered a bill of goods consisting of liquor, and in the following July another stock of liquors, and made a partial payment on the first order. The plaintiff sent to Fuller itemized statements of account which he never denied, and the sum of $258.59 remained due upon the account from Fuller to the plaintiff. With reference to the other account, the evidence shows that H. Jevne Company sold a general bill of goods to Fuller in April and June, 1910, on open account for $292.20, when Fuller was opening the business described in the complaint, and that the merchandise was used in connection with the said business; that Fuller promised and agreed to pay the Jevne Company for the merchandise, including $9.02 freight, or a total of $292.20, and that the same has not been paid. A sheet of paper, being customer's ledger sheet, was introduced in evidence and testified to be a true statement of the account of H. Jevne Company against Fuller, including all charges for merchandise sold and delivered to Fuller by H. Jevne Company, and the prepaid freight charges. And it was testified that the same was a true statement of the account and original records. A letter was introduced in evidence, dated August 12, 1910, signed by Fuller, addressed to H. Jevne Company, in which he acknowledged the indebtedness and promised to pay the bill on September 1st.

In his argument upon the facts shown, counsel for respondent contends that the plaintiff failed to show in either cause of action an open book account existing between the plaintiff or the plaintiff's assignor and Fuller. He does not contend that an indebtedness did not exist which was contracted in and about the business of Fuller and does not contend that such indebtedness was not paid. The finding of fact made by the court is marked by the same limitations.

If we agreed with respondent that plaintiff's cause of action was upon the original indebtedness, we would also agree that the plaintiff could not prevail without establishing the open book account. This result would be compelled under the rule that a plaintiff must prove the facts material and essential to his cause of action. But since we have held herein that the plaintiff's cause of action is based upon the contract made by the defendants with Fuller, it is sufficient for the plaintiff that it is the owner of an unpaid indebtedness owing by Fuller and coming within the description

stated in the contract. The fact that there was an open book account, although alleged in the complaint, was only an evidentiary fact, and was not the only means by which the principal facts might be proved.

The judgment is reversed.

James, J., and Works, J., *pro tem.*, concurred.