[Civ. No. 3162. Fourth Dist. Feb. 15, 1946.]

RAY PITZER, Plaintiff and Appellant, v. C. R. WEDEL, as Administrator, etc., Defendant and Appellant.

Alfred Siemon and Bennett Siemon for Plaintiff and Appellant.

Henry E. Schmidt for Defendant and Appellant.

GRIFFIN, J.—Lewis Lee Pitzer died August 4, 1940. Letters of administration were issued September 10, 1940. The claim upon which the complaint in this action was predicated was filed in the estate January 21, 1941, by which plaintiff makes claim to $1,274.80, plus interest at 7 per cent per annum from June 20, 1936, to date of payment. The claim is based upon an agreement dated June 20, 1936, attached to it, reciting that L. E. Pitzer and Lydia Pitzer, husband and wife, parties of the first part, and Lewis Lee Pitzer, their son, party of the second part, agreed between themselves that parties of the first part will deed certain land in Kern County to Lewis, reserving a life estate therein, and as part of the consideration Lewis agreed to "First," occupy a small house located thereon; "Second," allow his parents to occupy the main dwelling house, to farm the land at his expense, and "out of the proceeds from the sale of crops to be grown on said premises *and otherwise* provide the parties of the first part with all necessities of life"; "Third—Whereas, the parties of the first part are indebted to Ray Pitzer (another son) in the sum of $1,274.80 . . . the party of the second part hereby agrees to pay said indebtedness out of the proceeds from the sale of the crops to be raised on said premises *and otherwise,* and to save harmless the parties of the first part from being required to pay said indebtedness."

L. E. Pitzer died December 16, 1939, and Lydia Pitzer died subsequent to the death of Lewis.

The original obligation on which said claim is predicated is based upon claimed loans made by Ray Pitzer to his father and mother in the years 1924, 1925 and 1928. The statute of limitations was specifically pleaded as a defense, both in the demurrer and answer. The trial court allowed the claim in full but allowed interest thereon only from January 21, 1941, the date of filing the claim. Plaintiff takes the position that the claim and obligation was due and payable on June 20, 1936, the date of the agreement. Plaintiff therefore appealed from that part of the judgment disallowing interest from that date. Defendant appealed from the entire judgment.

The trial court found that the deceased, Lewis Lee Pitzer, contracted to pay the indebtedness due plaintiff by the writ-

ten agreement "out of the proceeds from the sale of crops to be raised on the premises described and crops to be otherwise grown by decedent", after meeting prior specified obligations, i.e., maintenance and support of the mother and father, taxes, labor, interest on incumbrances, etc., which "were prior to the obligation to pay plaintiff"; that there were no proceeds from the sale of any such crops during the lifetime of deceased after meeting such prior obligations; that a reasonable time for the payment of plaintiff by deceased was four years from and after the date of the agreement; that the obligation of decedent to his parents to pay said indebtedness matured and fell due and payable on June 20, 1940, i.e., at the expiration of a reasonable time; that plaintiff had no knowledge of the existence of said agreement until after the death of decedent, and that on January 21, 1941, plaintiff accepted the benefit of the agreement by filing and presenting his claim; that the claim was not barred by section 337, subdivision 1, or by section 339, subdivision 1, of the Code of Civil Procedure, as pleaded.

It is first argued by defendant that plaintiff's complaint did not allege that the promise to pay the amount of the claim was a conditional promise to pay from a particular fund, and that the ultimate fact pleaded makes it appear that decedent's promise was an absolute and unconditional one as of the date of the agreement, citing *Van Buskirk* v. *Kuhns*, 164 Cal. 472, 475 [129 P. 587, Ann.Cas. 1914B 932, 44 L.R.A. N.S. 710]. The complaint refers to and incorporates as a part thereof a copy of the claim and written agreement sued upon and alleges that said sum is due and payable, under the terms of the agreement, and that the administrator rejected said claim. While proper pleading would require plaintiff to show when the indebtedness became due and payable (*Silvers* v. *Grossman*, 183 Cal. 696 [192 P. 534]), the court specifically found that the deceased contracted to pay said sum out of proceeds from the sale of crops and that there were no proceeds from the crops out of which it could be paid during the lifetime of the deceased. The statute of limitations is an affirmative defense. The agreement was to pay from the proceeds of a particular fund. There is no showing in the pleadings that the cause of action accrued more than the statutory time before the filing of the claim and the complaint. The court specifically found on this issue. Any such omission in

the pleading would not justify a reversal when defendant was not prejudiced thereby. (Cal. Const., art. VI, § 4½.)

Defendant dwells at length upon the use of the words "and otherwise" above italicized, following the clause "out of the proceeds from the sale of the crops to be raised on said premises," and claims that the clause was not a requirement that the debt should be paid out of the proceeds from the sale of the crops, but requires that it be paid from other sources to be provided by the son if the crop proceeds were not sufficient. The wording of the agreement is susceptible of several translations. The most that defendant could contend is that the phrase, as used, meant that the indebtedness was to be paid out of the *proceeds* of the crops grown on the premises, or out of the proceeds of the crops grown elsewhere, or crops otherwise grown by decedent, after meeting prior obligations. Under any interpretation, the fund from which the sum was to be paid made the agreement conditional, with no limitation of time. The construction given the contract by the trial court is not unreasonable. This interpretation will not be disturbed on appeal. (*Tidewater Associated Oil Co.* v. *Curtin*, 41 Cal. App.2d 884 [107 P.2d 945].)

Ordinarily, under such circumstances, no cause of action would accrue thereon until the condition was performed. On that basis, the obligation would not ordinarily mature until there was sufficient money in his hands, for the specified purpose, from the proceeds of the sale of crops after payment of prior obligations specified in the contract. The statute of limitations would not commence to run until then. (*Van Buskirk* v. *Kuhns, supra.*)

Section 1559 of the Civil Code provides that a contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it. Such agreement, rather than the original indebtedness, constitutes the gist of the action by a creditor, insofar as the statute of limitations is concerned. (*Sherwood & Sherwood* v. *Gill & Lutz*, 36 Cal.App. 707 [173 P. 171].) Such a contract cannot be rescinded or revoked as long as the promisor continues to receive the consideration from the original promisee. (*Malone* v. *Crescent City Mill & Transportation Co.*, 77 Cal. 38 [18 P. 858].) Such a promise, although the party for whose benefit it was made was not cognizant of it when made, is, *if adopted by him*, deemed to have been made to him, and he may sue upon the promise thus made

without a consideration passing from him to the promisor. (*Sherwood & Sherwood* v. *Gill & Lutz, supra,* p. 711.) Where no time of payment is fixed, our courts have held that a reasonable time within which to pay is inferred and that such reasonable time may be coincidental with the statute of limitations. (*Vickrey* v. *Maier,* 164 Cal. 384, 389 [129 P. 273]; Civ. Code § 1657.) ▮ The law implies that the contract shall be performed within a reasonable time or at least reasonable efforts to perform within such time will be made. (*Williston* v. *Perkins,* 51 Cal. 554.) Reasonable diligence and good faith must be required in such instances and it is the duty of the court to hear evidence and therefrom fix a time which would be fair. (*Gazos Creek Mill etc. Co.* v. *Coburn,* 8 Cal. App. 150 [96 P. 359].)

▮ It is argued that the contract in question is purely personal in character and therefore the contract was discharged upon the death of the person who was to perform the act, citing 6 California Jurisprudence, page 448, section 267. This section also recites that the general rule does not apply where the services are of such a character that they may be as well performed by others; that if an instrument creates a *debitum in praesenti,* an obligation existing in the lifetime of the obligor, the fact that it is not to be discharged until after the latter's death renders it none the less enforceable as a demand against his estate, citing *Patterson* v. *Chapman,* 179 Cal. 203 [176 P. 37, 2 A.L.R. 1467].

This contract, as to the payment of plaintiff's indebtedness, would fall within the exception.

▮ The trial court has fixed four years from the date of the execution of the agreement as a reasonable time within which the contract could have and should have been performed. This period was reasonable under the circumstances. Under that finding, the obligation became due and payable at that time (June 20, 1940) and the statute of limitations began to run. The claim was filed on January 21, 1941, and this action was commenced on August 11, 1943, well within the four-year period prescribed by section 337, subdivision 1, of the Code of Civil Procedure.

▮ From the record it appears that Lewis Lee Pitzer received title to the entire property with the understanding and agreement that this indebtedness would be paid to his brother from the proceeds of the crops and within a reasonable

time. This assumption of debt was a part of the consideration for the agreement by which he acquired title to the property. His heirs now have the property. There appears to be no logical argument why the estate should now pass on to them, free from the obligation assumed by the deceased.

Interest was not allowed plaintiff from the date of the agreement. There was nothing in the written agreement requiring or even suggesting that interest should be paid on the obligation.

Plaintiff argues that, under section 1914 of the Civil Code, where a loan of money is made, it is presumed to be made upon interest unless otherwise stipulated in writing, and therefore the allowance of interest from the date of the original agreement was mandatory. It is apparent from the record that it was not contemplated by any of the parties that interest would be paid on the indebtedness. Although plaintiff now claims the money was advanced to his parents to pay for an indebtedness on their home, counsel for the administrator disclaimed any knowledge of the nature of the indebtedness and there is no evidence that Lewis Lee Pitzer had knowledge thereof. It does not appear from the written agreement that the indebtedness contracted to be paid by Lewis was for a *loan*. As far as the written agreement is concerned, without extrinsic evidence, the indebtedness may have been for some other purpose. It might be plausibly argued that it was a means adopted by the father and mother to distribute a portion of their estate to plaintiff.

 A third person can enforce a contract made for his benefit only to the extent to which it was intended he should be benefited thereby. (6 Cal.Jur. p. 473, § 280.) The finding that there was no intention to pay interest in addition to the indebtedness assumed has evidentiary support.

 It is the general rule that the payment of interest must be the subject of an agreement, express or implied. (*Slayden* v. *O'Dea*, 182 Cal. 500, 510 [189 P. 1066]; *Adams* v. *Lambard*, 80 Cal. 426, 438 [22 P. 180]; *Dugan* v. *Forster*, 104 Cal.App. 117, 121 [285 P. 384].)

*Love* v. *Mabury*, 59 Cal. 484, was a case where the defendant agreed to pay a certain amount out of the proceeds of a mine, and he was entitled to a reasonable time within which to commence work. It was held that he was liable for interest from the expiration of such time. Where there is no contract to pay interest, in the absence of statutory provision

to the contrary, the law awards interest upon money from the time it becomes due and payable, if such time is certain or can be made certain by calculation. The refusal of the trial court to allow interest from the date of the original agreement must be affirmed.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.